220 F.3d 1022 (9th Cir. 2000)
 JOE LEONARD LAMBRIGHT, Petitioner-Appellant,
v.
TERRY STEWART, Director, Arizona Department of Corrections, Respondent-Appellee.
ROBERT DOUGLAS SMITH, Petitioner-Appellant,
v.
TERRY STEWART, Director, Arizona Department of Corrections, Respondent-Appellee.
 Nos. 96-99020, 96-99025, 96-99026
 
 Office of the Circuit Executive
 U.S. Court of Appeals for the Ninth Circuit
 Filed August 4, 2000
 John F. Palumbo, Law Offices of Pima County Public Defender, Tucson, Arizona; S. Jonathan Young, Tucson, Arizona, for petitioner-appellant Robert Douglas Smith.
 David P. Tiers, Tucson, Arizona, for petitioner-appellant Joe Leonard Lambright.
 Scott Bales, Solicitor General, Phoenix, Arizona, for the respondent-appellee.
 Appeal from the United States District Court for the District of Arizona, Richard M. Bilby, Chief Judge, Presiding; D.C. No. CV-87-00235-TUC-RMB, CV-87-00234-TUC-RMB
 Before: Warren J. Ferguson, Stephen Reinhardt, David R. Thompson, Circuit Judges.
 Opinion by Judge FERGUSON; Partial Concurrence by Judge Thompson.
 FERGUSON, Circuit Judge:
 
 
 1
 Joe Leonard Lambright ("Lambright") and Robert Douglas Smith ("Smith") appeal the district court's denial of their habeas corpus petitions seeking relief from their state convictions and death sentences.[1] The petitioners both filed notices of appeal and sought a certificate of appealability from the district court after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The district court denied them a certificate of probable cause ("CPC") and, in the alternative, a certificate of appealability ("COA"). We subsequently granted a CPC, concluding that their appeal raised at least one issue as to which they had made "a substantial showing of the denial of a federal right." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (internal quotation marks omitted).
 
 
 2
 Our determination that the petitioners needed a CPC, rather than a COA, to proceed with their appeal was incorrect. The Supreme Court recently held that "when a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition after April 24, 1996 (the effective date of AEDPA), the right to appeal is governed by the certificate of appealability (COA) requirements now found at 28 U.S.C. S 2253(c)." Slack v. McDaniel, 120 S.Ct. 1595, 1600 (2000)[2]. Since the petitioners initiated their appeal after April 24, 1996, this requirement applies to them. Because we are empowered to issue a COA, see Fed. R. App. P. 22(b)(1) and S 2253(c)(1), we examine the petitioners' briefs to determine whether the individual claims meet the standard the Supreme Court established in Slack. We hold that the petitioners have made the requisite showing with respect to only five of the nine issues they seek to have us consider on appeal. We therefore deny the COA in part and exercise jurisdiction over only those issues which meet AEDPA's modest standard to proceed.
 
 I.
 
 3
 AEDPA permits a court to issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. S 2253(c)(2). A COA, unlike a CPC, requires the petitioner to meet the "substantial showing" standard with respect to each issue he seeks to raise on appeal. 28 U.S.C. S 2253(3). Otherwise, the standard for obtaining a COA remains the same. Indeed, in Slack, the Supreme Court noted that:
 
 
 4
 Except for substituting the word "constitutional " for the word "federal," S 2253 is a codification of the CPC standard announced in Barefoot v. Estelle , 463 U.S. at 894. Congress had before it the meaning Barefoot had given to the words it selected; and we give the language found in S 2253(c) the meaning ascribed it in Barefoot, with due note for the substitution of the word "constitutional."[3]
 
 
 5
 Slack, 120 S.Ct. at 1603.
 
 
 6
 In Barefoot, the Court established several ways in which a petitioner can make the "substantial showing of the denialof a [constitutional] right." To meet this "threshold inquiry," Slack, 120 S.Ct. at 1604, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot, 463 U.S. at 893 n. 4 (emphasis added) (internal quotation marks omitted). Although not dispositive, "[i]n a capital case, the nature of the penalty is a proper consideration in determining whether to issue a certificate of [appealability] . . . ." Id. at 893. We will resolve any doubt about whether the petitioner has met the Barefoot standard in his favor. See Buxton v. Collins, 925 F.2d 816, 819 (5th Cir. 1991) ("Consistent with the Court's admonition [in Barefoot], we have warned that any doubts whether CPC should be issued are to be resolved in favor of the petitioner.") (citation omitted).
 
 
 7
 The Barefoot standard seeks to promote Congress' intent "to prevent frivolous appeals from delaying the States' ability to impose sentences, including death sentences" while at the same time protecting the right of petitioners to be heard. Barefoot, 463 U.S. at 892; see also Van Pilon v. Reed, 799 F.2d 1332, 1335 (9th Cir. 1986) ("[T]he purpose of the requirement of a certificate of probable cause is to prevent abuse of the writ through frivolous appeals.") (citation omitted). At this preliminary stage, we must be careful to avoid conflating the standard for gaining permission to appeal with the standard for obtaining a writ of habeas corpus. Indeed, the Supreme Court has cautioned that, in examining a petitioner's application to appeal from the denial of a habeas corpus petition, "obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor." Barefoot, 463 U.S. at 893 n. 4 (internal quotation marks omitted); see also Harris v. Vasquez, 901 F.2d 724, 725 (9th Cir. 1990) (Order of Noonan, J.) ("Petitioner must make `a substantial showing of the denial of a federal right.' This standard does not mean that the petitioner show [sic] that he will prevail on the merits.").
 
 
 8
 In non-capital as well as capital cases, the issuance of a COA is not precluded where the petitioner cannot meet the standard to obtain a writ of habeas corpus. See Jefferson, 2000 WL 862846, at *3 (7th Cir. June 29, 2000) (explaining that a COA should issue unless the claims are "utterly without merit").[4] This general principle reflects the fact that the COA requirement constitutes a gatekeeping mechanism that prevents us from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade us through full briefing and argument of the potential merit of issues that may appear, at first glance, to lack merit.
 
 
 9
 The Supreme Court has made clear that the application of an apparently controlling rule can nevertheless be debatable for purposes of meeting the Barefoot standard in several cases. In Lozada v. Deeds, 498 U.S. 430 (1991) (per curiam), the Court held that, even though a question may be wellsettled in a particular circuit, the petitioner meetsthe modest CPC standard where another circuit has reached a conflicting view. There, the petitioner filed a habeas corpus petition in federal district court in Nevada, contending that he had received ineffective assistance of counsel. Id. at 430-31. Although he described his counsel's deficiencies, he failed to specify any prejudice therefrom. Id. at 431. The district court held that, under Ninth Circuit law, the failure to so specify was fatal to his petition and it further denied him a CPC. Id. Our court likewise denied him a CPC. Id. The Supreme Court reversed, holding that "the Court of Appeals erred in denying Lozada a certificate of probable cause because, under the standards set forth in Barefoot, Lozada made a substantial showing that he was denied the right to effective assistance of counsel." Id. at 432. This was so because, even though our circuit required a showing of prejudice, other circuits did not. Id. The Court reasoned, "[w]e believe the issue of prejudice caused by the alleged denial of the right to appeal could be resolved in a different manner from the one followed by the District Court. Since Strickland, at least two Courts of Appeals have presumed prejudice in this situation. " Id. The fact that another circuit had decided the issue in a different manner, in other words, rendered a seemingly wellestablished issue in our circuit debatable for purposes of meeting the Barefoot standard.
 
 
 10
 Similarly, in Slack, the Supreme Court recently held that an issue apparently settled by the law of our circuit remained debatable for purposes of issuing a COA. Slack , 120 S.Ct. at 1604. There, the district court dismissed claims in a habeas petition as second or successive under our decision in Farmer v. McDaniel, 98 F.3d 1548 (9th Cir. 1996), because he had not raised them in a previous petition that the court had dismissed without prejudice for exhaustion. Id. at 1601. Both the district court and this court denied him a CPC. Id. This prevented us from considering the continuing validity of Farmer, which conflicted with cases from other circuits as well with a case from our circuit. Id. at 1606. The Supreme Court reversed our denial of a CPC and remanded for us to determine whether a COA should issue. Id. at 1604. Under Slack, it is thus clear that we should not deny a petitioner an opportunity to persuade us through full briefing and argument to reconsider circuit law that apparently forecloses relief. Id. at 1606-07.
 
 
 11
 The issue of whether to grant a COA "becomes somewhat more complicated where, as here, the district court dismisses the [claims] based on procedural grounds." Slack, 120 S.Ct. at 1604. In those situations, the court must engage in a two-part Barefoot inquiry. Id. First, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. Second, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Frequently, as in this case, the district court has dismissed a claim on a procedural ground without providing the petitioner an opportunity to develop its factual or legal basis through full briefing and an evidentiary hearing. In such cases, we need not remand for full briefing to determine whether a COA can issue. Rather, as two other circuits have recently held, we will simply take a "quick look" at the face of the complaint to determine whether the petitioner has "facially allege[d ] the denial of a constitutional right." Jefferson v. Welborn , 2000 WL 862846, at *3; see also Franklin v. Hightower , 2000 WL 780084, at *2 (granting a COA after finding the district court's procedural ruling debatable, taking the petitioner's "allegations as true," and determining that the claims were of arguable merit)[5]. If he has facially alleged the denial of a constitutional right, and assumingthat the district court's procedural ruling is debatable, we will grant a COA.
 
 II.
 
 12
 Lambright and Smith ask us to hear nine issues on appeal, but we conclude that only five meet the threshold standard for consideration on appeal. We therefore deny in part the COA.
 
 1. Ineffective Assistance of Counsel
 
 13
 The petitioners allege that they received ineffective assistance of counsel during their trial's sentencing phase. The district court concluded that it was procedurally barred from considering the merits of this claim.
 
 
 14
 We conclude that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604. The district court concluded that it was procedurally barred from considering Lambright's ineffective assistance of counsel claim because he failed to raise it on direct appeal. "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989). It is arguable that the state court adjudicated the merits of the claim in this case. Thus, we conclude that Lambright has met the procedural test the Court established in Slack.
 
 
 15
 Smith also satisfies the modest standard to obtain an opportunity to be heard in our court on his ineffectiveness claim. Although he raised one claim of ineffective assistance in his first Rule 32 petition, he failed to raise it with respect to his sentencing hearing until his third state post-conviction petition. We conclude that Smith has shown that the district court's procedural ruling is debatable among jurists of reason on at least two separate grounds. First, it is arguable that the state court ruled on the merits of the claim.
 
 
 16
 Second, we conclude that Smith has satisfied the Barefoot's "substantial showing" standard with respect to the procedural default doctrine's "cause and prejudice " exception. Among other arguments, Smith contends that we should excuse the default because the same office represented him from the beginning of trial until his third petition. Our circuit has refused to find cause for failing to raise an ineffectiveness claim on the ground that a petitioner had the same lawyer at trial, on direct appeal, and in post-conviction proceedings. See Ortiz v. Stewart, 149 F.3d 923, 933 (9th Cir. 1998), cert. denied, 526 U.S. 1123 (1999). But other courts of appeals, including the Second, Fourth, Seventh, and Eleventh Circuits, have adopted an opposing view.[6] Under Lozada, the fact thatanother circuit opposes our view satisfies the standard for obtaining a COA. Lozada, 498 U.S. at 432; see Franklin, 2000 WL 780084, at *3 (issuing certificate of appealablity because circuit split rendered procedural question debatable). Moreover, Smith may be able to distinguish his case from our holding in Ortiz if he is given an opportunity to fully brief and argue the issue. Thus, Smith has shown that "jurists of reason" would find it debatable whether the district court was correct in its procedural ruling.
 
 
 17
 Accepting their allegations as true and taking a quick look at the underlying merits, we conclude that the petitioners have "facially allege[d] the denial of a constitutional right." Jefferson, 2000 WL 862846, at *3 (internal quotation marks omitted). The petitioners allege that their attorneys failed to present any evidence of psychological and family history that could have been considered mitigating. Id. On the face of the complaint, this alleges the denial of a constitutional right. See Williams v. Taylor, 120 S.Ct. 1495, 1514-16 (2000). Having also satisfied the standard for showing that the district court's procedural ruling is debatable, we grant a COA on this issue.
 
 
 18
 2. The Trial Court's Failure to Instruct on a Lesser Included Offense.
 
 
 19
 Both Smith and Lambright argue that they were entitled to lesser included offense instructions under Beck v. Alabama, 447 U.S. 625 (1980). The district court concluded that it was procedurally barred from considering Lambright's claim. It did, however, consider Smith's argument on the merits.
 
 
 20
 We grant Lambright a COA on this issue. We hold that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," Slack, 120 S.Ct. at 1604, because the state court apparently addressed the merits of the claim. Further, based on the face of the complaint, we conclude that Lambright has "facially allege[d ] the denial of a constitutional right." Jefferson, 2000 WL 862846, at *3 (internal quotation marks omitted).
 
 
 21
 We also grant Smith a COA because he has made a substantial showing of the denial of a constitutional right under Barefoot. In Beck v. Alabama, the Court held that the Due Process Clause requires trial court to give a lesser included offense instruction so that the jury is not faced with the choice of convicting a person of capital murder or acquitting him. The petitioner must show that the "evidence warrants such an instruction." Hopper v. Evans , 456 U.S. 605, 611 (1982). To be sure, there is substantial evidence in this case indicating that the killing was premeditated. But there is also some evidence showing that neither petitioner intended to kill the victim. Given the presence of conflicting evidence, and because the Barefoot standard does not permit us to deny a COA on the ground that Smith's claim apparently lacks merit, we conclude that the issue of whether the trial court violated Beck in failing to instruct on a lesser included offense is debatable among jurists of reason. We therefore grant a COA.
 
 
 22
 3. The Trial Court's Instruction on Felony-Murder.
 
 
 23
 Lambright and Smith contend that the trial court provided the jury with an erroneous instruction on felony-murder. Although Arizona law requires that a death occur both "in the course of" and "in furtherance of" an enumerated felony, the trial court told the jury that it could convict the petitioners of first-degree felony-murder if it found merely that "the killing and felony were part of the same series of events. " The district court denied the claim on procedural grounds.
 
 
 24
 We conclude that the petitioners have shown that "jurists of reasons would find it debatable whether the district court was correct in its procedural ruling." Slack,120 S.Ct. at 1604. It appears that the state court may have addressed the claim on the merits or made a procedural ruling that is dependent on the merits, which would permit us to review it. See Ake v. Oklahoma, 470 U.S. 68, 75 (1985) ("[W]hen resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded."). Although the state court did not make such a statement in Smith's case, the fact that it addressed Lambright's claim on the merits makes the issue of whether Arizona applied its procedural default rules consistently and evenhandedly in this case debatable among jurists of reason.
 
 
 25
 Further, petitioners have also "facially allege[d] the denial of a constitutional right." Jefferson , 2000 WL 862846, at * 3 (internal quotation marks omitted). They claim that the jury instruction on felony-murder misstated Arizona law in violation of the due process clause. On the face of the complaint, this alleges the denial of a constitutional right. See Osborne v. Ohio, 495 U.S. 103, 122-24 (1990) (explaining that the omission of an element from jury instructions violates the Due Process Clause). We grant a COA.
 
 
 26
 4. The County Attorney's Testimony.
 
 
 27
 The petitioners claim that the trial court unconstitutionally permitted Deputy County Attorney Paul Banales to vouch for the credibility of the state's principal witness, Kathy Foreman. The district court concluded that it was procedurally barred from considering the claim because, although the petitioners raised the issue on direct appeal, they federalized it for the first time only in their second state post-conviction petitions.
 
 
 28
 We conclude that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604. In Lambright's case, the state court apparently adjudicated the claim on the merits. Although the state court concluded that Smith had defaulted the claim, its inconsistent treatment of the petitioners makes the issue of Arizona's consistent and evenhanded application of its default rules in this case debatable.
 
 
 29
 In alleging that the prosecution unconstitutionally vouched for the credibility of their principal witness through Banales' testimony, the petitioners have facially alleged the denial of a constitutional right. See United States v. Young, 470 U.S. 1, 18-19 (1985) (holding that it is unconstitutional for the prosecution to vouch for the truthfulness of a witness). We grant a COA.
 
 
 30
 5. Whether the Especially Heinous, Cruel, or Depraved Aggravator is Unconstitutionally Vague
 
 
 31
 The petitioners argue that Arizona's especially heinous, cruel, or depraved aggravating factor is unconstitutionally vague. The district court considered and rejected this claim on the merits, reasoning that, "[t]he United States Supreme Court considered this argument in Walton v. Arizona, 497 U.S. 639 (1990), and determined that A.R.S. S 13703(F)(6) does not violate the Eighth and Fourteenth Amendments." We decline to grant a COA on the issue of whether Arizona's aggravating factor is unconstitutionally vague. In Walton, the Supreme Court explicitly upheld the aggravating factor against the same challenge petitioners make here. Petitioners do not suggest anything that would make the authority debatable. In denying the COA on this challenge, we are "confident that petitioner[s'] claim is squarely foreclosed" by Supreme Court authority. Barefoot, 463 U.S. at 893.
 
 
 32
 6. Whether the Aggravator Applies in this Case.
 
 
 33
 Lambright and Smith both argue that the trial court failed to use the limiting construction of Arizona's "especially cruel" aggravating factor that the SupremeCourt approved in Walton. See Walton, 497 U.S. at 654-55. The district court considered and rejected this claim on the merits.
 
 
 34
 We grant a COA on the issue of whether the sentencing court failed to apply the limiting construction. In addition to requiring a finding of an infliction of mental anguish or physical abuse before the victim's death, the Arizona courts require a subjective intent to cause the victim suffering. Id. at 654. The trial court in both cases described the petitioners' physical acts against the victim without mentioning whether they also intended to cause her suffering. The intent to cause suffering may be distinct from an intent to cause death. It is thus debatable whether the sentencing court applied the narrowing construction. We therefore grant a COA.
 
 
 35
 7. The Adequate Consideration of Mitigating Evidence.
 
 
 36
 The petitioners claim that the state courts failed to properly weigh mitigating factors in concluding that a sentence of death was appropriate. The district court considered and denied this claim on the merits.
 
 
 37
 On this record, we conclude that the petitioners have failed "to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 120 S.Ct. at 1604. The Supreme Court has held that a state's highest court can correct a trial court's error in sentencing either by reweighing the evidence after striking down an aggravating factor or conducting a harmless error analysis. See Stringer v. Black, 503 U.S. 222, 230-32 (1992); Clemons v. Mississippi, 494 U.S. 738, 748-49 (1990). It has also held that the review is constitutionally adequate where, as here, the state's highest court indicates that it considered all of the mitigating evidence in deciding to uphold a sentence of death. See Romano v. Oklahoma, 512 U.S. 1, 11 (1994); Parker v. Dugger, 498 U.S. 308, 314 (1991). The Arizona Supreme Court explicitly stated that it had considered all of the petitioners' mitigating evidence in determining that the death penalty was an appropriate punishment. Nothing in its opinion suggests that the Arizona Supreme Court did otherwise, and neither petitioner points us to anything in the record that would make this point debatable.
 
 
 38
 8. Failure to Apply the "Rockwell/Marlow Rule" to Smith's Case
 
 
 39
 Smith claims that the Arizona Supreme Court violated the Eighth and Fourteenth Amendments by failing to adhere to what he claims is its per se rule requiring a life sentence where there is only one aggravating factor and more than one piece of mitigating evidence. The district court denied this claim on the merits.
 
 
 40
 We conclude that Smith has failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack 120 S.Ct. at 1603. Contrary to Smith's claim, there is no per se rule requiring the imposition of a life sentence where only one aggravating circumstance exists. The cases he relies on, State v. Rockwell, 775 P.2d 1069, 1078-80 (Ariz. 1989), and State v. Marlow, 786 P.2d 395 (Ariz. 1989), do not establish such a rule, but instead discuss the propriety of the death penalty on the specific record before the Arizona Supreme Court. Since there is no per se rule requiring reversal, Smith has failed to state a claim of the denial of a federal constitutional right. See Tillman, 2000 WL 771764, at * 15 (concluding that, since there was no state rule barring petitioner's execution, he failed to meet the showing for a COA on the issue).
 
 
 41
 9. Whether the Trial Court Relied on Nonstatutory Aggravating Factors.
 
 
 42
 Smith seeks to appeal the district court's determination that the trial courtdid not rely on nonstatutory aggravating factors in sentencing him to death. He has failed, however, to make the requisite showing under Barefoot. Nowhere in the Arizona Supreme Court's opinion does it state that it considered nonstatutory aggravating factors, which Smith concedes in his brief to our court. Smith fails to point to anything to show that the court considered nonstatutory aggravating factors. Because the issue of what the state's highest court considered is not debatable on the record before us, we do not issue a COA.
 
 III.
 
 43
 For the foregoing reasons, we deny in part and grant in part the COA.
 
 THOMPSON, Circuit Judge, Concurring in Part:
 
 44
 I concur with the majority's opinion that we should reexamine the general Certificate of Probable Cause previously issued by this court, and, applying the AEDPA consistent with Slack v. McDaniel, 120 S. Ct. 1595 (2000), determine what specific issues the petitioners may appeal. I do not agree, however, that we should engage in the discussions on which the majority embarks as support for the issuance of the Certificate of Appealability (COA) as to some issues and its denial as to others. To do so has the flavor of pre-judging the case before it has been argued--or, in the present case, reargued. That reargument is set for August 17, 2000. Discussion of the merits of the parties' arguments set forth in their briefs should await consideration of those arguments following oral argument and such post-argument proceedings as may be appropriate.
 
 
 45
 I also do not agree that, to the extent the majority opinion may suggest it, the AEDPA has made it possible for habeas petitioners to raise meritless issues on appeal. The test is the test set forth in Slack. That test provides that a court should issue a COA if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and, in the event the district court denied the habeas petition on procedural grounds, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 1604. Applying the Slack test, I agree that our COA should issue to cover the five issues identified by the majority. In my view, those issues also include sub-issues. As I read the majority opinion, the issues and sub-issues on which we grant the COA are the following:
 
 
 46
 1. Were the petitioners' trial attorneys constitutionally ineffective?
 
 
 47
 a. Did the Arizona Supreme Court adjudicate the merits of this issue?
 
 
 48
 b. Should Smith's appellate counsel's default in failing to raise the issue of ineffective assistance of counsel be excused because his appellate counsel was from the same office as his trial counsel?
 
 
 49
 c. Were the petitioners' attorneys constitutionally ineffective because they failed to present any evidence of psychological and family history as mitigating evidence?
 
 
 50
 2. Were the petitioners entitled to an instruction on a lesser included offense?
 
 
 51
 a. Did the Arizona Supreme Court adjudicate the merits of Lambright's claim on this issue?
 
 
 52
 b. Should the trial court have instructed the jury on the lesser included offense?
 
 
 53
 3. Did the trial court erroneously instruct the jury on felonymurder?
 
 
 54
 a. Did the Arizona Supreme Court adjudicate the merits of this issue?
 
 
 55
 b. If the Arizona Supreme Court's ruling was a procedural ruling, was it nonetheless dependent on the merits?
 
 
 56
 c. Is Arizona's procedural rule inconsistently applied because the statecourt addressed the merits of Lambright's claim but dismissed Smith's claim on procedural grounds?
 
 
 57
 d. Was the trial court's instruction erroneous such that it denied the petitioners due process?
 
 
 58
 4. Did the trial court unconstitutionally permit a deputy county attorney to vouch for a witness's credibility?
 
 
 59
 a. Did the state court clearly hold that Lambright's claim was procedurally defaulted?
 
 
 60
 b. Is the state procedural rule inconsistently applied because the state court addressed the merits of Lambright's claim but dismissed Smith's claim on procedural grounds?
 
 
 61
 c. Did the Deputy County Attorney's testimony regarding the credibility of the state's principal witness deny the petitioners due process?
 
 
 62
 5. Did the trial court fail to properly apply the limiting construction of the "especially cruel" aggravating factor by not mentioning whether the petitioners' intended to cause the victim suffering?
 
 
 
 Notes:
 
 
 [1]
 The facts and procedural history of this case are set out in our en banc opinion. See Lambright v. Stewart, 191 F.3d 1181, 1182-83 (9th Cir. 1999) (en banc).
 
 
 [2]
 As amended by the AEDPA, 28 U.S.C. S 2253(c) provides:
 (1) Unless a circuit justice or judge issues a certificate of appealablity, an appeal may not be taken to the court of appeals from --
 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court; or
 (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealablity may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealablity under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
 
 
 [3]
 In so explaining, the Court implicitly rejected our suggestion in Williams v. Calderon, 83 F.3d 281, 286 (9th Cir. 1996), that "[t]he standard for obtaining a certificate of appealablity under the Act is more demanding than the standard for obtaining a certificate of probable cause under the law as it existed prior to enactment of the Act."
 
 
 [4]
 Following the Court's decision in Slack, several courts of appeals, including our circuit, have granted COAs even though they ultimately rejected the petitioners' claims on the merits, thus implicitly recognizing that the showing a petitioner must make to be heard on appeal is less than that to obtain relief. See, e.g., Solis v. Garcia, 2000 WL 959471, at *2 (9th Cir. July 12, 2000); Schell v. Witek, 2000 WL 943504, at * 12 n. 4 (9th Cir. July 11, 2000) (en banc); Mackey v. Dutton , 2000 WL 833624, at * 4 (6th Cir. June 28, 2000); Franklin v. Hightower, 2000 WL 780084, at *2 (11th Cir. June 19, 2000); Tillman v. Cook , 2000 WL 771764, at *2 (10th Cir. June 15, 2000).
 
 
 [5]
 When a claim is denied on a procedural ground, all of the inferences that govern a Rule 12(b)(6) motion apply to this situation. Thus, we take the petitioner's factual allegations as true and the non-moving party is entitled to the benefit of all reasonable inferences. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 [6]
 See, e.g., Bloomer v. United States, 162 F.3d 187, 192 (2d Cir. 1998) ("[W]e effectively excuse the failure to raise that [ineffectiveness] argument on appeal (or here on an initial S 2255 petition) due simply to counsel's inherent conflict of interest."); Collier v. Turpin, 177 F.3d 1184, 1197 (11th Cir. 1999) (noting that the district court excused default under Eleventh Circuit precedent after finding that "Collier had demonstrated sufficient cause by the fact that he was represented on his first state habeas petition by trial counsel"); Stephens v. Kemp, 846 F.2d 642, 651 (11th Cir. 1988) ("We find `cause' for petitioner's failure to raise the ineffective assistance issue in his first state habeas petition in the fact that petitioner's trial counsel, whose effectiveness is here challenged, also represented him in the first state habeas proceeding."); Riner v. Owens, 764 F.2d 1253, 1257 (7th Cir. 1985) (noting that the identity of counsel at different stages of proceedings can constitute sufficient cause to meet the first element of the procedural default doctrine's cause and prejudice exception); Alston v. Garrison, 720 F.2d 812, 816 (4th Cir. 1983) (excusing default of ineffectiveness claim, reasoning that, "where, as here, the defendant's trial lawyer also prosecuted the appeal, it is obvious that ineffective assistance of counsel is not likely to be raised at trial or to appear among the assignments of constitutional error").