Alvin Lawrence NICHOLS,
Petitioner–Appellant,

v.

C.A. TERHUNE, Director; Attorney
General of the State of California,
Respondents–Appellees.

No. 99–56325.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN and
KLEINFELD, Circuit Judges.

MEMORANDUM[2]

California state prisoner Alvin Nichols
appeals pro se the district court's dismissal
of his 28 U.S.C. § 2254 petition. We have
jurisdiction pursuant to 28 U.S.C. § 2253.
We review the district court's dismissal de
novo, *see Miles v. Prunty*, 187 F.3d 1104,
1105 (9th Cir.1999), and we affirm.

█ Nichols contends that the district
court erred by dismissing his habeas peti-
tion as untimely under 28 U.S.C.
§ 2244(d)(1).[3] Because Nichols' conviction
became final in 1990, before the effective
date of the AEDPA, he had until April 23,
1997 to file his federal habeas petition.[4]
*See Calderon v. United States District Ct.
(Beeler)*, 128 F.3d 1283, 1287 (9th Cir.

---

**1.** The panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2). Accordingly, Nich-
ols's request for oral argument is denied.

**2.** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

**3.** We reject the State's contention that this
court lacks jurisdiction under 28 U.S.C.
§ 2253 to consider the timeliness issue. *See*

*Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct.
1595, 1603–04, 146 L.Ed.2d 542 (2000) (con-
cluding that a district court's denial on proce-
dural grounds can be appealable); *Lambright
v. Stewart*, 220 F.3d 1022, 1026–27 (9th Cir.
2000).

**4.** Nichols contends that under section
2244(d)(1)(B), the one-year period did not be-
gin to run until May 28, 1997, which was the
date on which the California Supreme Court
denied his final habeas petition, because that
was the date on which the state impediment

1997), *overruled on other grounds by Calderon v. United States District Ct. (Kelly)*, 163 F.3d 530 (9th Cir.1998) (en banc).

Giving Nichols the benefit of all possible tolling periods under 28 U.S.C. § 2244(d)(2), he was required to file his federal habeas petition by December 13, 1997. Therefore, we conclude that his federal petition, which was signed on May 14, 1998 and filed on May 29, 1998, was untimely. *See* 28 U.S.C. § 2244(d); *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000).

■ To the extent that Nichols contends that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for his 1993 "petition to conform arbitration award" in the California Superior Court, we conclude that this petition, which concerned a dispute over fees between Nichols and his retained trial counsel, was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).[5]

We therefore conclude that the district court did not err by dismissing the petition as untimely under 28 U.S.C. § 2244(d).

AFFIRMED.

to filing was removed. We disagree that the exhaustion requirement is an "impediment to filing created by State action." *Cf. O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (concluding that a state prisoner must give state courts one full opportunity to resolve constitutional issues).

5. We also reject Nichols' argument that he is entitled to equitable tolling because he has not demonstrated that extraordinary circumstances beyond his control made it impossible to file a timely petition. *See Kelly*, 163 F.3d at 541; *see also Miles*, 187 F.3d at 1107

(petitioner must show that external forces, rather than his own lack of diligence, account for the failure to file a timely claim).

