James PRIBBLE, (named on petition as James William Pribble), Petitioner—Appellant,

v.

Dora B. SCHRIRO,* Director; et al., Respondents—Appellees.

No. 04–16175.

United States Court of Appeals, Ninth Circuit.

Submitted May 23, 2005.**

Decided Dec. 13, 2005.

---

* Dora B. Schriro is substituted for her predecessor, Terry L. Stewart, as Director of the

Arizona Department of Corrections. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suit-

Tonya McMath, Phoenix, AZ, pro se.

Consuelo Marie Ohanesian, Office of the Arizona Attorney General, Alan L. Amann, Phoenix, AZ, for Respondents–Appellees.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM ***

Petitioner James Pribble ("Pribble") appeals the District Court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 1993 conviction for two counts of armed robbery. Pribble contends that his confession to the police was involuntary under the totality of circumstances, chiefly because it was induced by the interrogating detective's promise to recommend a lower bond for pretrial release. Pribble also motions to expand the Certificate of Appealability (COA) to include claims of ineffective assistance by his trial and appellate counsel. We hold that the state court reasonably resolved conflicting evidence in the record to find that the interrogating officers did not make any promises or otherwise coerce Pribble. As such, the state court's ultimate conclusion that Pribble's statements were voluntary is not based on an unreasonable determination of the facts, nor is it an unreasonable application of federal law. Regarding Pribble's uncertified claims, we find that his claim of ineffective assistance by trial counsel mer-

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

its certification, but fails on the merits. Pribble's claim of ineffective assistance by appellate counsel does not merit certification.

## I.

We review de novo the District Court's denial of Pribble's § 2254 habeas petition. *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir.2004). We may grant habeas relief to a person in state custody only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). The state court's decision is based on an "unreasonable determination of the facts" when the petitioner shows by clear and convincing evidence that the court's conclusion was based on factual error, *see Wiggins v. Smith,* 539 U.S. 510, 528, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), or where the state court's weighing of the evidence was objectively unreasonable, *see Miller–El v. Cockrell,* 537 U.S. 322, 348, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). The state court's individual findings of fact are entitled to a presumption of correctness, which the petitioner must rebut by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). In applying the foregoing standards, we review the "last reasoned decision" by the state court, *Robinson,* 360 F.3d at 1055 (citing *Avila v. Galaza,* 297 F.3d 911, 918 (9th Cir.2002)), which in this case is the Arizona Court of Appeals' decision to uphold Pribble's conviction on direct review.

## II.

■ The state court made several factual findings that were key to its ultimate conclusion that Pribble's custodial statements were voluntary, including that Pribble did not ask for an attorney; that the prescription methadone Pribble took prior to questioning did not affect his responses; and that the interrogating officers did not make any promises or threats to Pribble. A review of the record shows that Pribble fails to present clear and convincing evidence to rebut the presumption of correctness that we accord each of these factual findings. *See* 28 U.S.C. § 2254(e)(1). Pribble's rebuttal evidence consists almost exclusively of his testimony during his pretrial evidentiary hearing, which is at times inconsistent and equivocal. Pribble also cites the statement on his booking sheet where the interrogating officer wrote he would not oppose a low bond of $5000 to $10,000. Pribble alleges this statement demonstrates the existence of a promise to recommend a low bond, which he relied on in making his "false" confession. Although relevant and probative, this evidence, in light of the entire record, does not constitute "clear and convincing evidence" to rebut the trial court's finding that no promise was made.

## III.

In light of the trial court's reasonable and presumptively correct factual findings, the Arizona Court of Appeals' overall determination that Pribble's statements were voluntary is not based on an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2), or contrary to federal law, 28 U.S.C. § 2254(d)(1). The state court's fact-finding process in this case did not suffer from the infirmities that this Court identified in *Taylor v. Maddox,* where the state court's "failure to consider, or even acknowledge ... highly probative testimony cast[ ] serious doubt on the state-court fact-finding process and compel[led] the

conclusion that the state-court decisions were based on an unreasonable determination of the facts." 366 F.3d 992, 1005 (9th Cir.), *cert. denied*, —— U.S. ——, 125 S.Ct. 809, 160 L.Ed.2d 605 (2004). In *Taylor,* the state court failed to consider a witness's probative and corroborating testimony that the petitioner, a minor, had repeatedly asked to speak with a lawyer and with his mother after being arrested in the middle of the night and interrogated without break until three o'clock in the morning. Whereas the minor's testimony was "clear, direct, consistent, and unequivocal," *id.* at 1013, the conflicting testimony of the officer was "ambiguous," *id.* at 1010–12, "inherently incomplete and somewhat confused," *id.* at 1013. Analogous circumstances are absent in this case. Rather, we conclude that the Arizona Court of Appeals reasonably determined that Pribble's statements were voluntary in light of materially different and reliable factual findings. Pribble's custodial statements are distinguishable from those deemed involuntary in *Taylor,* and as such do not merit habeas relief.

### IV.

Pribble also motions this Court to address two uncertified claims of ineffective assistance of trial and appellate counsel. Pribble must make "a substantial showing of the denial of a constitutional right" in order to obtain a COA. 28 U.S.C. § 2253(c)(2). As the Supreme Court stated in *Slack v. McDaniel,* "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The COA standard is not the same standard as that for obtaining habeas relief. *See Lambright v.*

*Stewart,* 220 F.3d 1022, 1025 n. 4 (9th Cir.2000) (noting that "the showing a petitioner must make to be heard on appeal is less than that to obtain relief").

We certify Pribble's claim as to ineffective assistance by trial counsel, because it satisfies the standard set forth in 28 U.S.C. § 2253(c)(2). Reasonable jurists could debate the District Court's conclusion that Pribble's trial counsel was not ineffective. On the merits, we deny this claim for the reasons well-stated in the District Court's decision.

■ We deny certification of Pribble's claim of ineffective assistance of appellate counsel. Pribble faults his appellate counsel for not raising a claim on direct appeal, even though that claim lacked merit. Reasonable jurists could not debate whether appellate counsel's decision not to pursue a meritless claim on appeal rose to the level of constitutionally ineffective assistance.

AFFIRMED.