1. Applying the relevant standards, we deny Escobar's motion to expand the Certificate of Appealability with regard to his claim ad-

**Roel ESCOBAR, Petitioner—Appellant,**

v.

**Don HILL, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 05–55155.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2006.

Decided May 16, 2006.

Karyn H. Bucur, Esq., Attorney at Law, Laguna Hills, CA, for Petitioner–Appellant.

David F. Glassman, Esq., Juliet H. Swoboda, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM *

Roel Escobar ("Escobar") appeals the district court's denial of his habeas petition challenging his conviction of first degree murder and attempted murder. Escobar argues that his Sixth Amendment right to confront his accuser was violated when the trial court prevented his attorney from asking questions about a witness's alleged use of PCP.[1]

dressing the jury's exposure to "rumor" and "gossip." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Lambright v. Stewart,* 220 F.3d 1022, 1026 (9th Cir.2000).

While the Sixth and Fourteenth Amendments guarantee the right of a defendant to confront a witness through cross-examination designed to impeach the witness, the Supreme Court has held that trial courts have "wide latitude" to impose "reasonable limits" on that cross-examination. *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). The trial court's limitation on the cross-examination was reasonable, and the state court's validation of that limitation was not objectively unreasonable. The witness's statements to a probation officer that she had started using PCP a year-and-a-half before the relevant time period provided a weak evidentiary basis for the cross-examination. The prejudicial effect of the witness's alleged PCP use was heightened by her pregnancy. The probative value of the inference that she had been paranoid during the relevant time period was discounted by her vivid testimony about the defendant's sexual aggressiveness. Finally, the trial court allowed cross-examination regarding the witness's conviction of possession for sale of cocaine.

AFFIRMED.