**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKY NOLAN, | No. 12-17252 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00188-RCJ-WGC |
| v. | |
| JACK PALMER; CATHERINE CORTEZ MASTO, Esquire, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted October 6, 2014
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

**I.**

This case involves two separate and unrelated trials. In the first, a Nevada Jury convicted Petitioner Ricky Nolan of kidnapping and sexual assault, among other crimes. After exhausting his direct appeal, Nolan filed a petition for writ of

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

habeas corpus in the District of Nevada. The district court denied relief. We have jurisdiction under 28 U.S.C. § 2253(a).

Nolan asserts that the Nevada Supreme Court erred in rejecting his claim that the trial court violated his constitutional rights by admitting hypnotically induced testimony against him. Assuming without deciding that the Nevada Supreme Court committed constitutional error and that the court's rejection of Nolan's claim was an unreasonable application of federal Supreme Court precedent, the introduction of the testimony was harmless. Because the victim's pre-hypnotic statements to law enforcement and the copious forensic evidence duplicated the post-hypnotic testimony's content, its admission did not have a "substantial and injurious effect" on the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993).

Nolan next asserts that the Nevada Supreme Court unreasonably applied *Jackson v. Virginia*, 443 U.S. 307 (1979), in finding the evidence presented at trial sufficient to support his convictions in the first trial of first-degree kidnapping, in violation of Nev. Rev. Stat. § 200.301(1), and sexual assault, in violation of Nev. Rev. Stat. § 200.366(1). To the contrary, the evidence supports these convictions even under de novo review. When viewed in the light most favorable to the State, testimony that the victim had a place of her own near Pug's Pub and did not appear

2

interested in Nolan permitted a reasonable jury to infer that she would not have gone to the Camelot Apartments with Nolan willingly. This evidence also permitted a jury to conclude that moving the victim to the apartment building increased the risk of harm to her. *See Mendoza v. State*, 130 P.3d 176, 180 (Nev. 2006). Similarly, the victim's recollection to law enforcement that she had been raped, Nolan's admission that he had sex with her, and the sexual assault examiner's findings permitted a reasonable inference that Nolan engaged in nonconsensual sex with the victim. *See Jackson*, 443 U.S. at 319.

Because the state court's rejection of Nolan's claim was correct under de novo review, it was "therefore necessarily reasonable under the more deferential AEDPA standard of review." *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010).

**II.**

At the second trial, Nolan was convicted of kidnapping and sexual assault of a second victim and of attempting to murder the victim's son. The district court did not certify any of Nolan's claims arising from these convictions for appeal. We decline to expand the certificate of appealability because Nolan has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

**AFFIRMED.**