**NOT FOR PUBLICATION**

**FILED**

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT RAYMOND NAVARRO, | No. 19-15005 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-01899-GMS |
| v. | |
| DAVID SHINN,** | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted November 19, 2020***
Phoenix, Arizona

Before: TALLMAN, BYBEE, and BADE, Circuit Judges.

Robert Navarro appeals the district court's denial of his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. The district court granted a certificate

of appealability (COA) on whether Navarro presented a substantial claim under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* David Shinn, Director of the Arizona Department of Corrections, is substituted for Charles L. Ryan. *See* Fed. R. App. P. 43(c)(2).

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Martinez v. Ryan*, 566 U.S. 1 (2012), to excuse the procedural default of his ineffective assistance of trial counsel (IATC) claim based on counsel's acquiescence in Navarro's rejection of a lesser-included-offense jury instruction. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's denial of habeas relief, *Jones v. Shinn*, 943 F.3d 1211, 1219–20 (9th Cir. 2019), and we affirm.[1]

**1.**     During Navarro's trial for aggravated assault, the trial court offered to instruct the jury on the lesser included offense of disorderly conduct. Navarro opposed the instruction, maintaining that he was completely innocent and that he preferred an "all-or-nothing" approach. His counsel ultimately acquiesced in Navarro's refusal of the jury instruction, and the jury found Navarro guilty of aggravated assault.

Navarro argues that he should be excused from the procedural default of his IATC claim based on trial counsel's acquiescence in refusing the jury instruction. To excuse a procedural default under *Martinez*, a petitioner must show both cause and prejudice; a petitioner must establish prejudice by "demonstrat[ing] that the underlying [IATC] claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14. To prevail

---

[1] The parties are familiar with the factual and procedural background of this matter. Therefore, we recite only those facts necessary for this disposition.

on the underlying IATC claim, Navarro must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Here, Navarro's underlying IATC claim depends on a showing that his trial counsel performed deficiently by acquiescing to Navarro's opposition to a lesser-included-offense jury instruction. But the state trial record makes clear that Navarro made a knowing, strategic decision to reject the instruction. Both Navarro's trial counsel and the trial court warned Navarro that he faced a potential life sentence for an aggravated assault conviction and explained the advantages of a lesser-included-offense instruction. Navarro stated that he "underst[ood] why" the trial court offered to give the instruction, but explained that he "chose not" to have the instruction given because he believed he was innocent, he "would fight [the charges] all the way," and he considered the lesser-included-offense instruction "insulting and degrading"—"a slap in the face."

Navarro decided to take this calculated risk; he cannot now avoid its consequences by arguing that his attorney should have overridden his clear preference. *See Jeffries v. Blodgett*, 5 F.3d 1180, 1197–98 (9th Cir. 1993); *see also Moormann v. Ryan*, 628 F.3d 1102, 1111–12 (9th Cir. 2010) ("The finding of a

3

strategic decision, supported by the trial record, would in all likelihood have foreclosed any holding of ineffective assistance of trial counsel . . . .").[2] The non-precedential authority Navarro cites to the contrary is unavailing.

Navarro also argues that his trial counsel "never met with him outside the courthouse," "only spoke with him in short intervals," and was uncooperative with post-conviction counsel. But Navarro fails to show a connection between these generalized allegations of inattentiveness and his specific IATC claim.[3]

**2.** Navarro also seeks a COA on whether the district court improperly divided his IATC claim into separate parts and failed to analyze the cumulative prejudice of these separate instances of allegedly deficient representation. To obtain a COA, Navarro "must demonstrate that the issue[] [is] debatable among

---

[2] Navarro also argues that the district court abused its discretion by denying his petition without holding an evidentiary hearing. But a district court is not required to hold an evidentiary hearing "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record.").

[3] Navarro argues that he mistakenly believed he would be eligible for parole if he received a life sentence, and that his trial counsel "allowed the court to mislead [him] regarding his parole eligibility." He points to a pretrial hearing in which the trial court, while impressing upon Navarro the risks he would face if he rejected the State's plea offer and went to trial, stated that Navarro would have "no possibility of any type of commutation until [he had] done 35 years." The trial court never assured Navarro that he *would* in fact be eligible for parole, and in his affidavit detailing his trial counsel's allegedly deficient performance, Navarro never squarely alleges that his attorney misled him on this point or failed to inform him of his potential sentencing exposure.

4

jurists of reason; that a court could resolve the issue[] in a different manner; *or* that the question[] [is] adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citation omitted) (internal quotation marks and brackets omitted). Navarro has not made this showing and is therefore not entitled to a COA.

**AFFIRMED.**