**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMMY LEE CROW, Jr., | No. 20-35911 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-05277-RJB |
| v. | |
| RON HAYNES, Superintendent, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted October 8, 2021
Seattle, Washington

Before: PAEZ, M. SMITH, and NGUYEN, Circuit Judges.

Petitioner Tommy Crow appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Reviewing de novo, *Kipp v. Davis*, 971 F.3d 939, 948 (9th Cir. 2020), we affirm.

**<u>Certified Issues</u>**

Crow challenges his conviction on several grounds. We first address the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

issues for which the district court issued a certificate of appealability, all of which relate to the trial court's admission of evidence that he participated in the assault of Cover. The State moved to admit the assault evidence, arguing that it established Crow's motive for murdering Miller, the victim who told the police about the Cover assault.

We address whether 1) the trial court violated Crow's due process rights by admitting the Cover assault evidence; 2) his counsel was ineffective for failing to object vigorously to that evidence; 3) the trial court violated his due process rights by providing the jury with an improper limiting instruction; and 4) his counsel was ineffective for failing to object to that instruction. Pursuant to AEDPA's strict standard of review,[1] we conclude that the state court's denial of Crow's claims was not contrary to, or an unreasonable application of, clearly established U.S. Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

1.      Crow contends that the admission of the Cover assault evidence violated clearly established federal law as prejudicial propensity evidence. We review the Washington Court of Appeals' decision denying Crow's appeal of the admission of the Cover assault evidence as the last reasoned decision on the merits. The U.S. Supreme Court has held that prior acts evidence is constitutional where it

---

[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs Crow's petition. *See Kipp*, 971 F.3d at 948.

is "relevant to an issue in the case" and expressly declined to rule on whether prior acts evidence violates due process if used "to show propensity to commit a charged crime." *Estelle v. McGuire*, 502 U.S. 62, 70, 75 n.5 (1991). Thus, the Supreme Court has not clearly established the due process right Crow seeks to vindicate, and he cannot prevail on this claim. The district court did not err in denying Crow's first claim.

2. Relatedly, Crow contends that trial counsel's failure to object vigorously to the Cover assault evidence constituted ineffective assistance of counsel, and that the state court summarily dismissed this claim such that AEDPA deference is inappropriate.

AEDPA deference is required for claims "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). We look "to the last reasoned decision" that resolves the claim at issue in order to determine whether that claim was adjudicated on the merits. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). A state court may decide a habeas claim on the merits "unaccompanied by an explanation" of its reasoning. *Harrington v. Richter*, 562 U.S. 86, 98, 102 (2011).

The Washington Court of Appeals denied Crow's ineffective assistance of counsel claim in two sentences: "Finally, Mr. Crow contends his lawyer was ineffective for failing to raise the issues we have discussed here in the first instance on appeal. We need not address that challenge given our disposition here."

*Harrington* requires that on habeas review we consider all reasonable bases for the state court's holding, even if unstated. 562 U.S. at 98. The state court's reasoning is apparent. To show ineffective assistance of trial counsel, a defendant must show deficient performance and actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state court assumed that Crow could not demonstrate actual prejudice where the evidence was admissible. This was a decision on the merits: Crow could not satisfy one of the two *Strickland* prongs, and therefore there was no need for the state appellate court to further discuss the issue. AEDPA deference therefore applies to our review.

Crow fails to show prejudice. The Cover assault evidence was admissible under Washington law. Thus, counsel's failure to object "vigorously" to that evidence did not prejudice Crow. *See Mahrt v. Beard*, 849 F.3d 1164, 1172 (9th Cir. 2017) (holding, under AEDPA review, that failure to bring motion to suppress did not constitute ineffective assistance of counsel where it was "reasonable for the state courts to conclude that a motion to suppress, if brought, would likely have been denied"). Counsel's performance did not violate clearly established federal law. The district court did not err in denying Crow's second claim.

3. Crow contends that the trial court's limiting instruction as to the Cover assault evidence violated his right to due process. The decision by the Washington Court of Appeals is again the last reasoned decision. Jury instructions

4

are unconstitutional where "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process" when viewed in the "context of the instructions as a whole and the trial record." *McGuire*, 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

At Crow's trial, the court gave the following instruction, based on Washington's model instructions:

> I have allowed evidence and will allow evidence regarding an earlier assault upon Scott Cover to be admitted in this case for only a limited purpose. This evidence may be considered by you only on the issue of defendant's motive. You may not consider it for any other purpose. Any discussion of this evidence during your deliberations must be consistent with this limitation.

Crow did not object.

"While the instruction was not as clear as it might have been," *id.* at 74, it appropriately informed the jury that the Cover assault evidence went to motive, not propensity. The meaning of "motive" is clear from the trial evidence: Crow killed Miller in revenge for reporting the Cover assault. Thus, the limiting jury instruction did not "infect" the entire trial and therefore did not violate clearly established law. We affirm the district court's denial of relief on this claim.

**4.** Crow contends that his counsel's failure to object to the limiting jury instruction constituted ineffective assistance. Crow again contends that this issue does not warrant AEDPA deference because the Washinton Court of Appeals took a summary approach; as above, this argument is unavailing. Additionally, Crow's

5

counsel's performance did not constitute ineffective assistance under *Strickland* because the limiting instruction was appropriate, and so Crow cannot show prejudice. Thus, counsel's performance did not violate clearly established federal law. We affirm the district court's ruling on this claim.

**Uncertified Issues**

5.      Crow presents two uncertified issues in his opening brief. *See* Cir. Rule 22-1. Crow contends that his counsel rendered ineffective assistance by 1) failing to request a lesser-included offense instruction and 2) spending just two hours counseling Crow, a shortcoming that potentially deprived Crow of a plea deal.[2] We decline to issue a certificate of appealability ("COA") on either issue.

To obtain a COA, Crow must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Crow "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart,* 220 F.3d 1022, 1025 (9th Cir. 2000) (alterations omitted) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

---

[2] Crow styled this as an ineffective assistance of appellate counsel claim before the district court but an ineffective assistance of trial counsel claim on appeal. We need not determine which is correct because either fails.

6

Failure to request a lesser-included offense instruction may violate *Strickland* where counsel's choice is not clearly strategic. *See Crace v. Herzog*, 798 F.3d 840, 852 (9th Cir. 2015). Here, however, counsel's performance was strategic: at trial, Crow's counsel stated on the record that he had thought "for a long time" about whether to request a manslaughter instruction but declined to do so because he did not think the facts of the case "would fit into either the reckless or negligence slot." *Crow v. Haynes*, No. 3:16-cv-05277-RJB-JRC, 2020 WL 5371375, at *15 (W.D. Wash. Aug. 20, 2020). Crow therefore does not make a substantial showing that the state court's determination was an unreasonable application of *Strickland*.

Crow points to no Supreme Court case requiring counsel to visit or meet with a client for a certain amount of time or secure a certain plea deal. Crow thus does not make a substantial showing that the state court's decision was an unreasonable application of federal law, and we deny Crow's request for a COA.

**AFFIRMED.**