**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN RICHARD MONRO, | No. 22-35396 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-01458-JE |
| v. | |
| BRAD CAIN, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted June 15, 2023[**]
Portland, Oregon

Before: TALLMAN, RAWLINSON, and SUNG, Circuit Judges.

Shawn Monro appeals the district court's denial of his petition for a writ of

habeas corpus under 28 U.S.C. § 2254. The district court certified three grounds for

appeal:

(1)     Whether the trial court's "natural and probable consequence" instruction denied Monro due process;

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(2)    Whether trial counsel rendered ineffective assistance by failing to object to the "natural and probable consequence" instruction; and

(3)    Whether trial counsel rendered ineffective assistance by failing to object to Monro's ankle restraints.[1]

As a threshold matter, Monro has abandoned the third ground by declining to address it on appeal.

The jury instructions in Monro's criminal trial included Oregon's uniform criminal jury instruction on aiding and abetting liability: "A person who aids or abets another in committing a crime . . . is also criminally responsible for any acts or other crimes that were committed as a natural and probable consequence of the planning, preparation, or commission of the intended crime." *State v. Lopez-Minjarez*, 260 P.3d 439, 442 (Or. 2011) (quoting former Or. Unif. Crim. Jury Instr. § 1051 (2010) (Criminal Liability for Conduct of Another Person)). Several months after Monro's conviction, the Oregon Court of Appeals held that the instruction "is not an accurate statement of the law." *State v. Lopez-Minjarez*, 237 P.3d 223, 232 (Or. Ct. App. 2010). A year later, the Oregon Supreme Court agreed, explaining the instruction requires the jury to convict "for any naturally consequential crime, without regard to whether the defendant acted with the intent that [Oregon law] requires." *Lopez-*

---

[1] We decline to expand the Certificate of Appealability to address petitioner's uncertified issue because he has failed to make the threshold showing required by *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000).

*Minjarez*, 260 P.3d at 443. Accordingly, Monro contends that the instruction relieved the state of its obligation to prove intent beyond a reasonable doubt in violation of the federal Due Process Clause.

Even if Monro could demonstrate that the jury instruction "was contrary to, or involved an unreasonable application of, Supreme Court precedent that was clearly established at the time of the adjudication," *Shoop v. Hill*, 139 S. Ct. 504, 506 (2019), he cannot show prejudice. Where a petitioner alleges constitutional error, habeas relief is only available if the error resulted in a "substantial and injurious effect or influence on the jury verdict." *Jones v. Harrington*, 829 F.3d 1128, 1141 (9th Cir. 2016) (internal quotations omitted). Although Monro acknowledges that the state referenced accomplice liability solely in relation to a single theft charge arising out of a home invasion, he does not affirmatively address that charge on appeal. Instead, Monro argues that the jury might have attached accomplice liability to other charges stemming from that same home invasion. But this argument is directly contradicted by the state's theory of the case at trial, which limited accomplice liability to one charge. Moreover, the evidence presented at trial supported the conclusion that Monro was a direct participant in the relevant crimes.

Because Monro cannot "affirmatively prove prejudice" as a result of the instruction, his derivative ineffective assistance of counsel claim also fails. *Creech v. Richardson*, 59 F.4th 372, 384 (9th Cir. 2023) (quoting *Strickland v. Washington*,

3

466 U.S. 668, 693 (1984)).

**AFFIRMED.**