Jose L. PAREDES, Petitioner–
Appellant,

v.

Gene ATHERTON; Attorney General
of the State of Colorado,
Respondents–Appellees.

No. 00–1016.

United States Court of Appeals,
Tenth Circuit.

Filed Aug. 28, 2000

Before TACHA, EBEL, and LUCERO,
Circuit Judges.

**ORDER**

Filed Sept. 13, 2000

On the Court's own motion the order of
August 28, 2000 shall be published. A
copy of the published order is attached.

**ORDER**

Petitioner filed a petition for a writ of
habeas corpus pursuant to 28 U.S.C.
§ 2254 challenging his convictions for me-
nacing with a deadly weapon, first-degree
criminal trespass, and attempted second-
degree assault. The district court dis-
missed the petition for failure to exhaust
state remedies. The matter is now before
us on petitioner's request for a certificate
of appealability pursuant to 28 U.S.C.
§ 2253(c).

When " 'the district court denies a
habeas petition on procedural grounds
without reaching the prisoner's underlying
constitutional claim, a [certificate of ap-
pealability] should issue when the prisoner
shows, at least, that jurists of reason
would find it debatable whether the peti-
tion states a valid claim of the denial of a
constitutional right and that jurists of rea-
son would find it debatable whether the
district court was correct in its procedural
ruling.' " *Adams v. LeMaster*, 223 F.3d
1177, 1179 (10th Cir.2000) (quoting *Slack v.
McDaniel*, — U.S. —, —, 120 S.Ct.
1595, 1604, 146 L.Ed.2d 542 (2000)).

In this case, we believe that jurists of reason would find it debatable whether the district court was correct in ruling that there were no unusual circumstances justifying an excuse of the exhaustion requirement. We must therefore make a determination on whether " 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.' " *Id.* at 1179.

■ Where, as here, the district court denied the petition on procedural grounds, without developing its factual or legal basis through full briefing, we will follow the example of other circuit courts and "simply take a 'quick look' at the face of the complaint to determine whether the petitioner has 'facially allege[d] the denial of a constitutional right.' " *Lambright v. Stewart,* 220 F.3d 1022, 1025–26 (9th Cir.2000) (footnote omitted) (quoting *Jefferson v. Welborn,* 222 F.3d 286, 289 (7th Cir.2000)). *See also Franklin v. Hightower,* 215 F.3d 1196, 1199–1200 (11th Cir.2000) (granting a certificate of appealability upon a determination that the district court's procedural ruling was debatable and that, taking petitioner's allegations of an involuntary guilty plea and ineffective assistance of counsel as true, his claims met the threshold standard).

■ Here, among other things, Paredes' petition alleges ineffective assistance of counsel in connection with entry of a guilty plea. On its face, the petition alleges the denial of a constitutional right. *See Rodgers v. Wyoming Attorney Gen.,* 205 F.3d 1201, 1206 (10th Cir.2000) (discussing the requirements for showing ineffective assistance of counsel in the context of a plea agreement). Because the district court's procedural ruling is debatable, and the petitioner has facially alleged the denial of a constitutional right, we grant petitioner's request for a certificate of appealability.

At this point, the certificate of appealability is limited to the procedural issue of whether the requirement of exhaustion of state court remedies should be waived in this case because of the state's delay in dealing with petitioner's request for post-conviction relief. Respondents shall file an appellee's brief addressing this issue within thirty days of the date of this order.