F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES J. McMILLIAN,

      Petitioner-Appellant,

v.

BOB HICKOX; ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

      Respondents-Appellees.

No. 00-1151
(District of Colorado)
(D.C. No. 99-Z-2150)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

      [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding *pro se*, Charles J. McMillian seeks a certificate of appealability ("COA") from this court so he can appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA). McMillian also filed a motion seeking to proceed *in forma pauperis* on appeal; that motion is granted.

In his § 2254 petition, McMillian stated that he pleaded guilty in Colorado state court to conspiracy to commit first degree murder, retaliation against a witness, second degree murder, and first degree aggravated motor vehicle theft. He further stated that a judgment of conviction was entered in Colorado state court on June 24, 1994. McMillian asserts that he did not file a direct appeal. McMillian's § 2254 petition was not filed with the United States District Court for the District of Colorado until November 5, 1999.

Recognizing that McMillian's Colorado state conviction became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the district court noted that, in the absence of any reason to toll the limitations period, McMillian's § 2254 petition should have been filed prior to April 24, 1997. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (holding that a state prisoner has one year from the effective date of the AEDPA to file a § 2254 habeas petition but that the one-year period is tolled by any time

spent pursuing post-conviction relief in state court). Accordingly, the district court issued an order to show cause requesting that McMillian demonstrate why his § 2254 petition should not be dismissed as untimely. McMillian was specifically asked to provide the court with additional information relating to any post-conviction proceedings he initiated in Colorado state court.

McMillian filed a response to the order to show cause wherein he contended that he had filed a post-conviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure on May 29, 1997. He further claimed that the Colorado district court denied this Rule 35(c) motion on February 18, 1998 and the Colorado Court of Appeals affirmed the denial on April 15, 1999. McMillian then contended he filed a petition for rehearing on April 22, 1999. McMillian claimed the petition for rehearing was denied on May 20, 1999. McMillian also claimed he filed a petition for a writ of certiorari to the Colorado Supreme Court on June 15, 1999 and that the petition was denied on September 27, 1999, with the mandate issuing on October 25, 1999.

Based on the information provided by McMillian, the district court concluded that McMillian's § 2254 petition was time-barred because it was filed well after the April 23, 1997 deadline and was not tolled by any of the state post-conviction proceedings. The district court noted that the state post-conviction proceedings were not commenced until May 29, 1997, *i.e.*, after the one-year

limitations period had already expired. Consequently, the district court dismissed McMillian's § 2254 petition and denied his request for a COA.

In this appeal, McMillian has filed with this court numerous motions and briefs, including a motion purportedly filed pursuant to Rule 60(b) the Federal Rules of Civil Procedure and a Motion to Amend Application for Certificate of Appealability. We construe all of these various filings as an application for a COA together with an opening brief. On appeal, McMillian argues that the one-year limitations period should be tolled because he initiated state post-conviction proceedings before the April 23, 1997 deadline. McMillian argues that his mental impairment and lack of legal expertise caused him to erroneously inform the district court that his post-conviction proceedings were not initiated until after April 23, 1997. In support of his argument, McMillian has provided this court with a copy of a document entitled Petition for Writ of Certiorari. This petition appears to have been filed with the Colorado Supreme Court on January 6, 1997, more than two months before the expiration of the one-year limitations period. McMillian has also provided this court with a copy of an order entered by the Colorado Supreme Court on May 22, 1997, apparently denying the Petition for Writ of Certiorari. [1] This order was entered on May 22, 1997, one week

---

[1]This court liberally construes the motion to which the Petition for Writ of Certiorari and the Order were attached as a Motion to Supplement the Record and hereby grants that motion. Additionally, we note that the Petition for Writ of

before McMillian filed the Rule 35(c) motion of which he informed the district court. In the Petition for Writ of Certiorari, McMillian clearly raised the one issue raised before the district court, *i.e.*, he was denied due process because his trial attorney failed to assert his mental impairment as an affirmative defense.

McMillian acknowledges that he failed to correctly inform the district court of the date he initiated post-conviction proceedings but argues that this failure was the result of his mental impairment and lack of legal expertise. Although rarely exercised, this court has the discretion to consider arguments not considered by the district court. *See Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1229 (10th Cir. 1996). We conclude that the facts in this case warrant our consideration of the argument raised by McMillian for the first time in this appeal.

Because the district court denied McMillian's habeas petition on procedural grounds, it did not reach his underlying constitutional claims. Under these circumstances, McMillian is not entitled to a COA unless he can show, "at least, that jurists of reason would find it debatable whether the petition states a

---

Certiorari refers to an "adverse decision in the Colorado Court of Appeals on November 14, 1996." Although McMillian has not provided this court with a copy of that decision or a copy of the underlying pleadings, those documents may also be necessary to accurately determine the timeliness of McMillian's § 2254 petition.

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).

This court has reviewed McMillian's application for a COA, his appellate brief, the district court's Order dated March 24, 2000, and the entire record on appeal including the additional information not presented to the district court. That review demonstrates that McMillian has made a showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Additionally, this court has taken a "quick look" at the underlying constitutional claim raised in McMillian's habeas petition and concludes that "[o]n its face, the petition alleges the denial of a constitutional right." *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000). Accordingly, this court **grants** McMillian a COA on the issue of whether and to what extent the one-year limitations period should be tolled under 28 U.S.C. § 2244(d)(2), **vacates** the order dismissing McMillian's habeas petition, and **remands** to the district court for a determination of the timeliness of McMillian's habeas petition.

This court, however, expresses no opinion on the ultimate disposition of the substantive claim raised in McMillian's petition.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge