F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**NOV 26 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GUY RALPH PEREA,

     Petitioner-Appellant,

v.

GEORGE W. BUSH,

     Respondent-Appellee.

No. 04-8045
(D.C. No. 03-CV-65-J)
(D. Wyo.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **SEYMOUR** , **LUCERO** , and **O'BRIEN** , Circuit Judges.

State prisoner Guy Perea appeals pro se the district court's denial of his

28 U.S.C. § 2254 petition. Perea's original complaint, which the district court

construed as a habeas petition, appeared to assert that the President of the United

States committed treason for allegedly removing radio telegraphy without United

States Air Force permission. The district court dismissed his petition for failure

to pay the filing fee without providing Perea the opportunity to seek in forma

pauperis (IFP) status. Perea now appeals, seeking to proceed IFP. We grant his

motion to proceed IFP, and address his petition on the merits.

In order to appeal the denial of a 28 U.S.C. § 2254 petition, Perea must

secure a certificate of appealability ("COA"). A COA may issue only if the

applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Because the district court did not grant a COA, we construe Perea's filings and opening brief as a request for a COA, which we now analyze.

Because the district court dismissed Perea's petition on a procedural ground prior to development of either the factual or legal basis for his underlying claims, our assessment of the merits of his claims is necessarily limited. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Adams v. Lemaster, 223 F.3d 1177, 1179 (10th Cir. 2000). In Slack, the Supreme Court emphasized that: "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." Slack, 529 U.S. at 485 (emphasis added).

In this case, we have taken the requisite "quick look" at the underlying claims raised in Perea's habeas petition and conclude that it fails facially to allege the deprivation of a constitutional right. See Paredes v. Atherton, 224 F.3d 1160,

1161 (10th Cir. 2000).  We  **DENY** his request for a COA and  **DISMISS** .

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge