# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

PATRICK C. LYNN,

          Petitioner-Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; PHILL KLINE,
Attorney General of Kansas,

          Respondents-Appellees.

No. 05-3470
(D.C. No. 03-CV-3464-JAR)

## ORDER

Before **HENRY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

This matter comes before the panel on Mr. Lynn's motion for an extension
of time and his petition for rehearing or for rehearing en banc. His motion for a
third extension of time to file his petition is granted. Upon consideration of the
petition, the panel grants rehearing in part, withdraws the Order filed on
September 1, 2006, and issues the attached Order and Judgment in its place. The
panel denies the petition for rehearing in all other respects.

The petition for rehearing en banc was transmitted to all of the judges of
the court who are in regular active service. As no judge in regular active service

on the court requested that the court be polled on the en banc request, the petition

for rehearing en banc is denied.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By:
    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICK C. LYNN,

      Petitioner-Appellant,

  v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; PHILL
KLINE, Attorney General of Kansas,

      Respondents-Appellees.

No. 05-3470
(D.C. No. 03-CV-3464-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

Patrick C. Lynn, a Kansas state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his

28 U.S.C. § 2254 petition for a writ of habeas corpus. We grant COA on three

issues, and because Mr. Lynn has had ample opportunity to brief his arguments,[1]

---

[*]     After examining the appellant's filings and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1]     In addition to his application for COA, Mr. Lynn has filed an Opening
(continued...)

we decide the merits of those issues and AFFIRM the judgment of the district court.

I.

In 1996, Mr. Lynn was convicted of aggravated burglary, aggravated kidnaping, rape, and aggravated sodomy after a trial in Kansas state court. After his sentences were reversed by the Kansas Court of Appeals in his first direct appeal and the Kansas Supreme Court in a second direct appeal, in 2004 Mr. Lynn was resentenced to a term of imprisonment of 49 years and 8 months.

In his § 2254 petition, Mr. Lynn asserted four claims: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) newly discovered evidence that had been suppressed during his trial, and (4) errors by the trial court that violated his Sixth and Fourteenth Amendment rights. He later filed a more definite statement fleshing out his claims and adding claims of (5) trial court errors that violated the Kansas Constitution and *Brady v. Maryland*, 373 U.S. 83 (1963), (6) judicial misconduct, and (7) trial court error in refusing to allow him

---

[1](...continued)
Brief and documents entitled Supplemental Arguments for Relief, Motion for Serious Sanctions, Request for Orders; Second Supplemental Arguments for Relief and Motion for Very Serious Sanctions, Request for Orders and Evidentiary Hearing Remand; Supplement to Rehearing/EnBanc Request and Motion for Orders; Appellant's Affidavits of Events and Request for Out of Time Filing if Briefs Not Received or Timely Filed; and Emergency Motion for Orders and Request for Stay Until Resolved Due to Deliberately Illegal Conditions.

to argue trial errors before his resentencing. Liberally construing his claims, the district court denied relief and denied a COA.

## II.

### *Standards of Review*

A COA may issue only if the appellant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For claims rejected on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims rejected on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Our COA analysis is limited to "an overview of the claims in the habeas petition and a general assessment of their merits" rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

"We review the district court's legal analysis of the state court decision *de novo*." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006). For claims decided by the Kansas courts, Mr. Lynn "is entitled to federal habeas relief only if the state court decision 'was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)(1)-(2)). Claims that were presented to, but not decided by, the state courts are not constrained by the § 2254(d) standards. *See Sperry v. McKune*, 445 F.3d 1268, 1274-75 (10th Cir. 2006). In such instance, we review questions of law de novo. *Id.* at 1275.

### COA Analysis

In his filings before this court, Mr. Lynn urgently requests that someone listen to his pleas and consider his arguments. We have done so, giving his issues careful and serious consideration. We also have reviewed two boxes of state court records and a box of district court records.[2] Although we grant COA on three issues, as explained below, ultimately we conclude that Mr. Lynn's arguments are not sufficient for habeas relief.[3]

---

[2]     Mr. Lynn complains the appellate record does not contain the entire state court record. We acknowledge the appellate record does not contain certain evidence and documents he references. We need not require the production of such items, however, because for purposes of our review, we have assumed Mr. Lynn's description of any missing item or document is true and accurate.

[3]     On appeal, Mr. Lynn also extensively complains about prison restrictions on paper, stamps, envelopes, copies and writing utensils. As the district court explained to Mr. Lynn, these types of conditions-of-confinement claims by state prisoners must be brought in actions under 42 U.S.C. § 1983; they do not justify habeas relief. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000).

We disagree that the district court should have afforded Mr. Lynn an evidentiary hearing, allowed him to pursue discovery, and appointed him counsel; that it erred in refusing to order the production of state court records; and that it erred in refusing to transfer prior pleadings and exhibits. With the exception of three issues, we adopt the district court's thorough analysis and deny a COA for substantially the reasons expressed in the November 1, 2005 Memorandum and Order Denying Motion Under 28 U.S.C. § 2254.[4] The three exceptions are Mr. Lynn's *Brady* claims, trial error claims, and judicial misconduct claims. Finally, to the extent Mr. Lynn raises new issues on appeal, we do not consider them. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

In one part of its decision, the district court stated the *Brady* claims "would be procedurally barred in this Court because the Kansas state courts never addressed petitioner's *Brady* arguments." R. Doc. 77 at 28. In the next section, the court indicates that the *Brady* claims had never been *presented* to the state courts, not just that the state courts had never *decided* them. *Id.* at 29. It appears, however, that Mr. Lynn raised his *Brady* arguments before the state appellate

_____

[4]      To the extent that the district court failed to rule on Mr. Lynn's claim that he was denied the opportunity to present claims of trial error before resentencing, we note that Mr. Lynn's right to allocution at sentencing stems from Kan. Stat. Ann. §§ 22-3422 and 22-3424(e)(4). Federal habeas relief is not available for violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

court in his first direct appeal, albeit in his pro se reply brief.[5] As discussed above, a state court's decision not to address an issue does not preclude review; it merely affects the standard of review. Because reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling" and "would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *Slack*, 529 U.S. at 484, we grant COA on the issue of whether Mr. Lynn's constitutional rights, as explained by *Brady*, were violated.

As for the trial error and judicial misconduct claims, the district court stated those claims could not be raised in a § 2254 proceeding because they had not been raised in the state courts. To the contrary, a procedural default can be overcome on habeas by showing cause and prejudice for failure to raise the defaulted claim or a fundamental miscarriage of justice. *See, e.g., House v. Bell*, 126 S. Ct. 2064, 2076 (2006); *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Thus, reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Mr. Lynn facially alleged these claims in his habeas pleadings, and thus, reasonable jurists would also find it debatable that the petition states a valid claim of the denial of a

---

[5] Mr. Lynn's *Brady* arguments appear to concern the non-production of a May 16, 1996 surveillance tape of proceedings at the police station after his arrest and a May 16, 1996 mug shot. To the extent he also claims that certain evidence about the victim and her medical reports was suppressed in violation of *Brady*, Mr. Lynn's own arguments show that such information was disclosed by the prosecution to defense counsel prior to trial, and thus *Brady* is not implicated.

constitutional right.  *See Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000).  Thus, we grant COA on the questions of whether trial court errors or judicial misconduct violated Mr. Lynn's constitutional rights.

### *Merits Analysis*

#### *Brady Claims*

Under *Brady* and its progeny, constitutional error results from the suppression of evidence "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433 (1995) (quotation omitted). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id.* at 434.  Having undertaken a de novo review of Mr. Lynn's *Brady* claims, we do not believe that it is reasonably probable that pre-trial disclosure of the 5/16/96 surveillance videotape and the 5/16/96 mug shot would have led to a different result at Mr. Lynn's trial or that the evidentiary suppressions undermined confidence in the outcome of Mr. Lynn's trial. Particularly, assuming that the 5/16/96 booking room videotape shows what Mr. Lynn avers (that his pants were zipped and buttoned at the police station), given that the tape recorded events at a different locale than, and sometime after, Mr. Lynn's arrest, we do not believe that such evidence necessarily contradicts

the testimony of the officers about the state of Mr. Lynn's clothing when they arrested him. Neither the videotape nor the mug shot "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* at 435.

*Trial Error and Judicial Misconduct Claims*

In order to move forward with these claims, Mr. Lynn first must overcome his procedural default by showing cause and prejudice. Ineffective assistance of counsel may be cause for a default, *see Edwards*, 529 U.S. at 451, but we find no ineffective assistance. The claims lack merit, and thus counsel's failure to argue them was not deficient performance. *See Sperry*, 445 F.3d at 1275. For the same reason, Mr. Lynn cannot show prejudice from the failure to raise them before the state courts, and we also find no fundamental miscarriage of justice would arise from a failure to address these claims. Consequently, the trial error and judicial misconduct claims are procedurally defaulted and do not entitle Mr. Lynn to habeas relief.

III.

Mr. Lynn's Affidavits of Events and Request for Out of Time Filing is GRANTED to the extent that his application for COA and opening brief are allowed to be filed. His Supplemental Arguments for Relief filed June 21, 2006 and Second Supplemental Arguments for Relief filed July 21, 2006 are allowed to the extent that the filings further explain his application for COA and opening

brief.  The motions for sanctions and further orders in those filings are DENIED.

His February 8, 2006 letter, construed as a Motion for Recusal, and his

Emergency Motion for Orders are DENIED.  His Petition for Time Extension and

Emergency Intervention Orders and Supplement to Rehearing/En Banc Request

and Motion for Orders are DENIED as moot.  Any other pending motions or

requests are DENIED.  Mr. Lynn's request for a certificate of appealability is

GRANTED in part and DENIED in part as explained in this order and judgment.

As to the issues on which COA is granted, the judgment of the district court is

AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge