FILED
United States Court of Appeals
Tenth Circuit

**March 20, 2013**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES SHIRLEY,

      Petitioner-Appellant,

v.

JOHN DAVIS, Warden of Buena Vista
C.F.,

      Respondent-Appellee.

No. 12-1394

---

**ORDER**

---

Before **O'BRIEN**, **EBEL** and **TYMKOVICH**, Circuit Judges.

---

     Mr. Shirley's petition for panel rehearing is denied. Upon consideration, however, the panel withdraws its previous order denying a certificate of appealability (COA), issued January 31, 2013, and substitutes the attached order containing two minor modifications. The modifications to the order denying COA do not affect the panel's analysis or the outcome of the case.

                    Entered for the Court

                    ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

January 31, 2013

Elisabeth A. Shumaker
Clerk of Court

CHARLES SHIRLEY,

      Petitioner-Appellant,

v.

JOHN DAVIS, Warden of Buena Vista
C.F.,

      Respondent-Appellee.

No. 12-1394
(D.C. No. 1:12-CV-02011-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **EBEL** and **TYMKOVICH**, Circuit Judges.

Petitioner Charles Shirley seeks a certificate of appealability (COA) to obtain

review of a district court order dismissing his most recent habeas application.  The

district court dismissed the application as an unauthorized second or successive

application that it lacked jurisdiction to hear under 28 U.S.C. § 2244(b)(3).  We may

grant a COA only if reasonable jurists could debate whether (1) the district court's

jurisdictional ruling was correct and (2) the allegations in the habeas application are

sufficient to state a valid constitutional claim.  *See Slack v. McDaniel*, 529 U.S. 473,

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

484 (2000). Because Mr. Shirley cannot satisfy these requirements, we deny him a COA and dismiss this appeal.

Mr. Shirley was convicted in 2003 of one count of sexual assault on a child in violation of Colo. Rev. Stat. § 18-3-405(1), and one count of sexual assault in violation of Colo. Rev. Stat. § 18-3-402(1)(d). The Colorado Court of Appeals later vacated the conviction for sexual assault on a child. On the remaining sexual assault conviction, he was sentenced to a term of six years to life in the Department of Corrections, to be followed by mandatory parole of ten years to life.

In 2011, he filed a 28 U.S.C. § 2241 application for habeas corpus in the District of Colorado in which he challenged his sentence pursuant to the Colorado Sex Offender Lifetime Supervision Act of 1998 (SOLSA), Colo. Rev. Stat. § 18-1.3-1001 – 1012. *Shirley v. Davis*, No. 11-cv-01596-BNB (filed June 17, 2011). After ordering Mr. Shirley to re-file his § 2241 application as a habeas application under 28 U.S.C. § 2254, the district court denied the § 2254 application, reasoning that it was barred by the one-year limitation period established in 28 U.S.C. § 2244(d)(1) for such applications. Order of Dismissal, *Shirley v. Davis*, No. 11-cv-01596-BNB (Nov. 3, 2011). Mr. Shirley did not appeal from the dismissal.

On August 27, 2012, Mr. Shirley filed the present application, again seeking a writ of habeas corpus pursuant to § 2241. The district court again construed his filing as an application for habeas corpus relief under § 2254, and dismissed it as an

2

unauthorized second or successive application. Mr. Shirley appeals from this dismissal.

If the district court correctly construed Mr. Shirley's current petition as one containing only § 2254 claims, we must deny him a COA. He lacked authorization to present his second or successive claims in a § 2254 application. *See* 28 U.S.C. § 2244(b).[1] Having reviewed Mr. Shirley's combined opening brief and application for a COA, along with the record, however, we believe reasonable jurists could debate whether the application presents only § 2254 claims.

A petition under § 2254 challenges the validity of the petitioner's conviction and sentence, whereas a § 2241 petition attacks the execution of his sentence. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).[2] In practice, it can be very

---

[1] Although the district court dismissed his previous petition as untimely and did not reach the merits of his claims, the dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding that "a dismissal on limitations grounds is a judgment on the merits"); *see also Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (internal quotation marks omitted)).

[2] *But see Ochoa v. Workman*, 669 F.3d 1130, 1148 (10th Cir. 2012) (Hartz, J., concurring) (questioning, in light of recent Supreme Court cases, continued validity of principle that claims involving execution of sentence should be pursued under § 2241 rather than § 2254), *cert denied*, 133 S. Ct. 321 (2012).

3

difficult to make this distinction. *See id.* ("[I]t is difficult to tell whether the instant action is properly brought under § 2254 as a challenge to the validity of [the petitioner's] conviction and sentence or pursuant to § 2241 as an attack on the execution of his sentence."). But it is a distinction relevant to this case. Although a state habeas petitioner requires authorization from this court under 28 U.S.C. § 2244(b) to proceed with § 2254 claims—an authorization Mr. Shirley does not have—such an authorization is not required for § 2241 claims. *See Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010).

Mr. Shirley's petition is not a model of clarity, but it appears to raise at least some claims that fall under § 2241. Basically, he is complaining about a clerical error made in his amended mittimus.[3] The amended mittimus, issued in 2007, contains the following statement about Mr. Shirley's sentence for sexual assault: "PROB 6YRS TO LIFE, PLUS PAROLE 10YRS TO LIFE." R., at 13.

Mr. Shirley's problem lies with the four-letter designation "PROB." He argues that this designation incorrectly suggests that he was initially sentenced to probation, then had his probation revoked before being sentenced to the Department of Corrections for six years to life, to be followed by mandatory parole for ten years to life. *See id.* at 9.

---

[3] A mittimus is "a warrant ordering a jailer to detain a person until ordered otherwise." Bryan A. Garner, *A Dictionary of Modern Legal Usage* 569 (2d ed. 1995).

The state court judge evidently agreed with Mr. Shirley that there was an error in the mittimus. He issued another amended mittimus, omitting the "PROB" designation. This amended mittimus was dated July 25, 2011, *nunc pro tunc* to January 9, 2008. *Id.* at 14.

Mr. Shirley continues to press his argument, citing various provisions of the United States Constitution, that he is being illegally held in custody. Some of his claims appear to attack his sentence itself. In his application for a COA, for example, he argues that "the trial Judge made a mistake [by sentencing him] to a term of 6 yrs to life, and could only sente[]nce him, to a term of 2 to 6 yrs, and 10 yrs to life mandatory parole." COA App., at 3. This claim attacks the imposition of sentence, is a § 2254 claim, and is second or successive. We therefore deny a COA as to this claim, and as to any other claims attacking the sentence imposed on Mr. Shirley that his petition could be construed to raise.

Mr. Shirley also raised claims, however, that appear to sound in § 2241.[4] He suggests that if his sentence is interpreted correctly, he should have already been placed on parole. But it is not enough to show that it is debatable whether this claim arises under § 2241. Mr. Shirley must also show that his allegations are sufficient to state a valid constitutional claim. *See Slack*, 529 U.S. at 484. In making this determination, we will "take a quick look at the face of the complaint to determine

---

[4]    He requires a COA to proceed on these claims as well. *See Montez*, 208 F.3d at 867-69 (holding that state prisoners proceeding under § 2241 must obtain a COA to appeal).

5

whether the petitioner has facially alleged the denial of a constitutional right." *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000) (internal quotation marks and brackets omitted).

The petition fails this simple test. According to Mr. Shirley, his continued incarceration violates the legislative intent of Colorado's SOLSA, which was to have sexual offenders like him serve a relatively brief sentence of incarceration, then be placed on lifetime supervised parole. *See Vensor v. People*, 151 P.3d 1274, 1278 (Colo. 2007) ("The appended declaration of purpose makes clear the legislature's intent to provide for treatment and extended supervision, rather than to punish sex offenders with terms of incarceration longer than those of other felons of the same class."). But also according to the Colorado Supreme Court, a class four felony sex offender like Mr. Shirley can be sentenced to an upper term of his natural life. *See id.* at 1279 ("[T]he ambiguous language of section 18–1.3–1004(1)(a) must be construed to require an indeterminate sentence for the class two, three, and four felony sex offenses to which it applies, consisting of an upper term *of the sex offender's natural life* and a lower term of a definite number of years[.]" (emphasis added)).

The only argument cognizable under § 2241 here that we can discern from the petition involves *when* Mr. Shirley is entitled to be paroled from his indeterminate six-year-to-life sentence to begin serving his ten-year-to-life term of parole. But this dispute does not entitle Mr. Shirley to a COA. He has no federal constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7

6

(1979). Also, because Colorado's parole scheme for sexual offenders is discretionary, he does not have a constitutionally protected liberty interest in parole. *Vensor*, 151 P.3d at 1276 ("On completion of the minimum period of incarceration specified in the sex offender's indeterminate sentence, less any credits earned by him, the Act *assigns discretion to the parole board* to release him to an indeterminate term of parole of at least ten years for a class four felony, or twenty years for a class two or three felony, and a maximum of the remainder of the sex offender's natural life." (emphasis added)). In sum, even if some of Mr. Shirley's claims are brought under § 2241, our "quick look" shows that they fail to allege the denial of a federal constitutional right. We must therefore deny him a COA as to these claims as well.

For the foregoing reasons, we deny Mr. Shirley's application for a COA, and dismiss this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

7