**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WALLACE RAYMOND CROOKS,

Defendant - Appellant.

No. 18-1242
(D.C. Nos. 1:16-CV-01583-MSK
and 1:00-CR-00439-MSK-6)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

Appellant Wallace Raymond Crooks seeks a certificate of appealability to

appeal the district court's dismissal of his 28 U.S.C. § 2255 habeas motion as

untimely.

In 2002, Appellant was convicted of conspiracy to possess with intent to

distribute cocaine base. He was sentenced to 360 months of imprisonment based

in part on two prior state court convictions that qualified as "crimes of violence"

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

under Section 4B1.2(a) of the then-mandatory Sentencing Guidelines. This section defined a "crime of violence" in part to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2001).

In 2015, the Supreme Court struck down as unconstitutionally vague an identical definition in the Armed Career Criminal Act. *Johnson v. United States*, 135 S. Ct. 2551 (2015). Within a year of that decision, Appellant filed a motion under § 2255 in which he argued that his sentence was thus unconstitutional under *Johnson* because he, like the defendant in *Johnson*, had been sentenced based on this unconstitutionally vague definition.

The district court dismissed his § 2255 motion as untimely under 28 U.S.C. § 2255(f) because it had not been brought within one year after his conviction became final. Although Appellant argued that his motion was timely under § 2255(f)(3) because it had been brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court," the district court found this argument foreclosed by this circuit's decision in *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018). In *Greer*, we held that "the only right recognized by the Supreme Court in *Johnson* was a defendant's right not to have his sentence increased under the residual clause of the ACCA," and thus a defendant challenging the identical definition in U.S.S.G. § 4B1.2—or any other

similar or identical provision—could not rely on *Johnson* to make his claim timely because "he was not sentenced under any clause of the ACCA," but was "attempting to apply the *reasoning* of *Johnson* in a different context not considered by the Court." *Id.* at 1248. "The Court did not consider in *Johnson*, and has still not decided, whether the mandatory Guidelines can be challenged for vagueness in the first instance, let alone whether such a challenge would prevail. And it is not for this court acting on collateral review to do so." *Id.* In *United States v. Pullen*, 913 F.3d 1270, 1284 n.17 (10th Cir. 2019), we affirmed the continued validity of "*Greer*'s holding[] that *Johnson* does not create a new rule of constitutional law applicable to the mandatory Guidelines."

The district court acknowledged that *Greer*'s reasoning presents a problem for defendants, like Appellant, who were sentenced under the mandatory Guidelines regime. Under *Greer*, each statute or Guideline provision that uses the language found unconstitutional in *Johnson* must be separately challenged by a defendant who has recently been convicted or sentenced under this specific statute or provision, since a timely attempt to extend *Johnson*'s reasoning to another context can only be raised by someone whose judgment of conviction has been final for less than one year. However, no defendants have been sentenced under the mandatory Guidelines since 2005, when the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). As all pre-*Booker* defendants have

-3-

presumably already "exhausted their direct appeals and timely § 2255 petitions[,] . . . there is no conceivable vehicle by which a pre-*Booker* defendant will be able to get the question of the constitutionality of § 4B1.2 in a mandatory-Guidelines scheme before the Supreme Court." (R. at 150–51 n.1.) And, in turn, there is "no conceivable way for defendants like Mr. Crooks to be able to bring a timely *Johnson*-type challenge to their sentences." (R. at 151 n.1.) However, the district court concluded, "To the extent that this situation creates unfair disparities between pre-*Booker* defendants and others who may someday be able to seek *Johnson*-type relief, this Court is unable to resolve the problem," and "[t]o the extent the rule in *Greer* yields unjust results, it is the 10th Circuit, not this Court, that must address it." (*Id.*) The district court thus dismissed Appellant's § 2255 motion as untimely based on *Greer*.

Appellant seeks a certificate of appealability to challenge this decision. Although he acknowledges that this panel is likewise bound by *Greer*, he raises his timeliness argument in order to preserve it for further review.

We first consider whether Appellant is entitled to a certificate of appealability. When a district court has denied a habeas petition on procedural grounds without reaching the underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In considering whether reasonable jurists could debate the correctness of the district court's procedural dismissal of Appellant's § 2255 motion as untimely, we are mindful of the Supreme Court's holding that "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). Rather, Appellant need only show that the "procedural ruling barring relief is . . . debatable among jurists of reason," *Buck v. Davis*, 137 S. Ct. 759, 777 (2017), and this standard can be satisfied even if "every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail," *id.* at 774 (quoting *Miller-El*, 537 U.S. at 338).

In *Greer*, this circuit ruled that a defendant in Appellant's position cannot rely on *Johnson* to render his challenge to U.S.S.G. § 4B1.2(a)(2) timely. However, another circuit has reached a contrary decision on this issue. In *Cross v. United States*, 892 F.3d 288, 293 (7th Cir. 2018), the Seventh Circuit rejected the government's argument "that *Johnson* recognized the invalidity of the residual clause only vis-à-vis the ACCA." The court held that this approach "suffers from a fundamental flaw": "It improperly reads a merits analysis into the limitations

period." *Id.*

> Section 2255(f)(3) runs from "the date on which the right *asserted* was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3) (emphasis added). It does not say that the movant must ultimately *prove* that the right applies to his situation; he need only claim the benefit of a right that the Supreme Court has recently recognized. An alternative reading would require that we take the disfavored step of reading "asserted" out of the statute.

*Id.* at 293–94. The Seventh Circuit then held that the appellants in that case—prisoners who had been sentenced based on the crime-of-violence definition contained in Section 4B1.2 of the then-mandatory Guidelines—had "asserted" a right recently recognized by the Supreme Court in *Johnson*: "[t]he right not to be sentenced under a rule of law using this vague language." *Id.* at 294.

The Seventh Circuit's opinion demonstrates that reasonable jurists could debate the merits of the procedural ruling that barred relief in this case. *See Lambright v. Stewart*, 220 F.3d 1022, 1027–28 (9th Cir. 2000) ("[T]he fact that another circuit opposes our view satisfies the standard for obtaining a COA."); *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) ("Even if a question is well settled in our circuit, [the issue] is debatable if another circuit has issued a conflicting ruling."); *Wilson v. Sec'y Pa. Dep't of Corr.*, 782 F.3d 110, 115 (3d Cir. 2015) (holding that a conflicting decision from the Sixth Circuit "demonstrates that the issue [the petitioner] presents is debatable among jurists of

-6-

reason" (internal quotation marks omitted)). We thus hold that Appellant has satisfied this prong of the *Slack* analysis.

To obtain a COA, Appellant must also show that reasonable jurists could debate the merits of his constitutional claim for relief. *See Slack*, 529 U.S. at 484. However, because the district court denied his § 2255 motion on procedural grounds, "we will not delve into the merits of the claim, but instead will determine only whether the petition has facially alleged the denial of a constitutional right," *Fleming v. Evans*, 481 F.3d 1249, 1259 (10th Cir. 2007) (internal quotation marks omitted), by taking a "quick look at the face of the complaint," *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000) (internal quotation marks omitted). Our "quick look at the face of the complaint" in this case satisfies us that Appellant facially alleged the denial of a constitutional right. *Id.* Appellant has therefore satisfied this prong of the *Slack* analysis as well.

We accordingly **GRANT** Appellant's request for a certificate of appealability. We then **AFFIRM** the district court's dismissal of Appellant's § 2255 motion as untimely based on our precedential decisions in *Greer* and *Pullen*.

Entered for the Court


Monroe G. McKay
Circuit Judge

-7-