**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRENT L. ALFORD,

    Petitioner - Appellant,

v.

DONALD LANGFORD,

    Respondent - Appellee.

No. 24-3181
(D.C. No. 5:24-CV-03185-JWL)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

In 1993, a Kansas court sentenced Brent L. Alford to prison, and he remains confined under that judgment. In 2011, he unsuccessfully challenged the judgment in a 28 U.S.C. § 2254 habeas application. In 2024, he filed another habeas application. Concluding the latest application was an unauthorized second or successive one, the district judge dismissed it for lack of jurisdiction. Mr. Alford wishes to appeal the dismissal.[1] But he can appeal only if we grant a certificate of appealability. *See* 28 U.S.C. 2253(c)(1)(A). We deny his request for one.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Alford represents himself, so we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## *Background*

The procedural history of this case is long and unusual, but only a few events are relevant here.  The trial court denied Mr. Alford's state postconviction motion in 1998.  Mr. Alford then simultaneously filed a motion to reconsider the denial and a notice of appeal.  But the trial court did not rule on the motion to reconsider for more than two decades.  Under those circumstances, the Kansas Court of Appeals (KCOA) recently allowed Mr. Alford to appeal both the 1998 denial of his postconviction motion and the denial of his motion to reconsider.  The KCOA affirmed both denials in a 2024 decision.

On the heels of the 2024 KCOA decision, Mr. Alford filed another habeas application in federal court.  His application raised four claims:  (1) there had been an "inordinate delay," R. at 7, in his state postconviction proceedings because the KCOA failed to rule on the merits of his appeal for more than 25 years after he filed his first postconviction motion; (2) he received ineffective assistance of counsel at trial and on appeal; (3) a court-ordered psychiatric examination had not been completed before trial; and (4) his convictions violated the Double Jeopardy Clause.

A district court lacks jurisdiction over the merits of a second or successive § 2254 application unless the appropriate court of appeals has authorized the applicant to file it. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  The district judge in this case concluded Mr. Alford's latest habeas application was an unauthorized second or successive one, and so he dismissed it for lack of jurisdiction.

*Discussion*

The district judge dismissed Mr. Alford's application for a procedural reason. To obtain a certificate of appealability, then, Mr. Alford must show that reasonable jurists could debate both whether the district judge's procedural ruling was correct and whether the habeas application stated a valid constitutional claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not consider the procedural and constitutional issues in any particular order; we can start with whichever issue is more straightforward. *See id.* at 485. And if Mr. Alford fails to meet his burden on one issue, we need not consider the other. *See id.* With these standards in hand, we turn to Mr. Alford's claims.

**I.     The claim alleging an "inordinate delay" in postconviction proceedings.**

For Mr. Alford's claim that the Kansas courts took too long to decide his postconviction appeal, we start with the constitutional question.[2] A "quick look" makes clear that no reasonable jurist could debate whether this claim shows a constitutional violation. *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000) (internal quotation marks omitted). For one thing, Mr. Alford failed to identify in his habeas application a constitutional provision he thinks the delay violated. And for another, the claim targets state postconviction proceedings rather than the judgment causing his confinement, so "it states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006)

---

[2] Liberally construed, Mr. Alford's filings argue that this claim should not be considered second or successive because it was not ripe when he filed his first habeas application. We need not consider that procedural issue given our conclusion on the constitutional question for this claim.

(recognizing that "a delay in post-conviction proceedings does not give rise to an independent due process claim that would justify granting a defendant habeas relief").

## II.     The remaining claims.

For Mr. Alford's remaining claims, we start with the procedural question. Mr. Alford does not dispute that he filed a prior habeas application or that he lacked authorization to file his latest one. And the remaining claims were undeniably ripe when he filed his first habeas application because they allege error in his trial and appeal.

Even so, Mr. Alford argues, his latest habeas application was not second or successive because it is the first to attack a new judgment. He relies on *Magwood v. Patterson*, a decision holding that a § 2254 application may not be considered second or successive if it is the first to challenge a particular judgment, even if it comes after another application challenging an earlier judgment in the same case, *see* 561 U.S. 320, 331–33 (2010). And he appears to argue that two state-court rulings—the ruling denying his 1998 motion to reconsider and the KCOA's 2024 decision—qualify as new judgments under *Magwood*.

This argument misunderstands what § 2254 and *Magwood* mean when they refer to a *judgment*. They mean the judgment causing the habeas applicant's confinement, not merely any state-court decision in the applicant's case. *See* § 2254(a), (b)(1); *Magwood*, 561 U.S. at 332. The judgment causing Mr. Alford's confinement is the Kansas trial court's 1993 judgment. He challenged that judgment in his 2011 habeas application. Later state-court decisions leaving the 1993 judgment undisturbed—such as the reconsideration ruling and the 2024 KCOA decision—do not amount to new judgments

4

under *Magwood* that would allow Mr. Alford to file another habeas application without prior authorization from this court.

Mr. Alford devotes much of his filings to a discussion of the statute of limitations for habeas claims. But whether the statute of limitations would bar his claims is irrelevant here. What matters is whether these claims are second or successive. They are.[3] And that point is beyond debate.

### *Disposition*

We deny Mr. Alford's application for a certificate of appealability. We dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[3] Mr. Alford suggests in passing that the Suspension Clause nevertheless demands his claims be heard. But he waived this argument by failing to present it to the district judge, and so we decline to consider it. *See Childers v. Crow*, 1 F.4th 792, 799 (10th Cir. 2021).