FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

RODNEY DOUGLAS EAVES,

Petitioner - Appellant,

v.

MOSES "ANDRE" STANCIL,

Respondent - Appellee.

No. 25-1062
(D.C. No. 1:24-CV-02710-LTB-RTG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Rodney Douglas Eaves, a Colorado prisoner proceeding pro se,[1] seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2241

application as an unauthorized second or successive 28 U.S.C. § 2254 habeas application.

We deny a COA and dismiss this matter.

I. Background

In 2016, a Colorado jury convicted Eaves of aggravated robbery, theft, menacing,

and possession of a weapon by a previous offender. The state district court sentenced

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe pro se filings. *See Licon v. Ledezma*, 638 F.3d 1303, 1305-06 (10th Cir. 2011).

him to thirty years in prison, and then later held a restitution hearing. After the hearing, the court entered an order directing Eaves to pay $40,140.78 in restitution—$17,740.78 to the victim of the robbery and $22,400 to the victim's insurer. The restitution order also provided that interest would accrue at 8% per annum from the date of entry of the order. The Colorado Court of Appeals affirmed the judgment.

In 2018, Eaves filed a § 2254 habeas application. The district court denied relief, and this court denied a COA.

Eaves then unsuccessfully sought state post-conviction relief related to the restitution order. In 2024, he filed the underlying application in federal court purportedly seeking relief under § 2241. He brought three claims: 1) the state district court lacked jurisdiction under Colorado law to order him to pay restitution to the victim's insurer; 2) the state district court violated Colorado law by ordering him to pay restitution to the victim in an amount that exceeds the actual pecuniary loss the victim suffered; and 3) the restitution order violates Colorado law because it requires him to pay interest on restitution he owes while incarcerated. He requested the federal court correct his illegal sentence by ordering the state court to modify the restitution order.

As is relevant here, the State filed a pre-answer response, arguing the court lacked jurisdiction over the § 2241 application because it was an unauthorized second or successive § 2254 habeas application.[2] The magistrate judge agreed, explaining that a

_____

[2] The State also argued the application was time-barred and claims one and two are defaulted. But we need not address those arguments or the magistrate judge's resolution of them because we agree the district court lacked jurisdiction to consider the merits of the application.

2

§ 2241 application challenges the execution of a sentence, while a § 2254 application challenges the validity of a sentence. Because Mr. Eaves was challenging the validity of the restitution portion of his sentence, and the relief he sought was to amend or correct the restitution order, the magistrate judge determined he was not challenging the execution of his sentence.

The magistrate judge also considered Eaves's argument that the instant action is not second or successive because claim three is premised on a July 2019 amendment to the Colorado statutes, and so the basis for the claim arose after the district court denied his first habeas application. But the magistrate judge determined that the basis for the claim existed while the first habeas application was still pending because the court did not deny that application until November 2019.

The magistrate judge therefore concluded that Eaves's claims were properly asserted pursuant to § 2254 and were second or successive. Because he had not obtained the requisite authorization from this court to file a second or successive § 2254 application, the magistrate judge recommended dismissing the application for lack of jurisdiction.[3]

Eaves filed objections to the magistrate judge's report and recommendation. The district court overruled the objections, adopted the magistrate judge's report and

---

[3] The magistrate judge also sua sponte determined that Eaves was not in custody with respect to the claims in this action because they challenged only the validity of the restitution order. The magistrate judge therefore recommended that the application be dismissed for lack of jurisdiction because Eaves was not in custody for the claims he was asserting. We need not consider this alternative jurisdictional disposition.

3

recommendation, and dismissed the application for lack of jurisdiction or in the alternative as untimely. Eaves now seeks a COA to appeal from that dismissal.

II. Discussion

Eaves must obtain a COA to pursue his appeal. *See* 28 U.S.C. § 2253(c)(1)(A). To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Eaves must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

A prisoner may not file a second or successive § 2254 habeas application unless he first obtains an order from the circuit court authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas application. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

It is undisputed that Eaves did not obtain authorization to file a second or successive § 2254 habeas application. But Eaves argues that he properly filed a § 2241 application because it challenges the procedure to collect his restitution interest. Specifically, he states "[t]he relevant procedure applied in this case is that 'interest on an order for restitution does not accrue while: Eaves is serving a sentence in a correctional

4

facility operated by or under contract within the department of corrections located within the state . . . [.']" COA Appl. at 9[4] (brackets omitted) (quoting Colo. Rev. Stat. § 18-1.3-603(4)(b.5)(I)(A)). He also argues that his "restitution claim" was not ripe when he filed his initial habeas application because that application was filed before Colorado changed its law concerning interest on restitution orders. *Id.* at 5. He asserts the "Weathersby exception" to a claim being second or successive applies when the "'claim was not ripe when he filed his initial' petition." *Id.* at 5 (quoting *United States v. McGee*, 760 F. App'x 610, 612 n.2 (10th Cir. 2019)) (underline and boldface omitted).[5] He contends his restitution claim did not become ripe until he exhausted all his state and administrative remedies, which did not happen until March 2024.[6]

We first observe that in his COA application Eaves does not address claims one and two related to the amount of restitution to be paid to the victim and the victim's

---

[4] We refer to the page numbers in the upper righthand corner of the COA Application.

[5] In that case, we explained that "McGee filed a previous § 2255 motion, which the district court denied." *McGee*, 760 F. App'x at 612 n.2. But we further explained his current § 2255 motion was "not second or successive . . . because his claim was not ripe when he filed his initial § 2255 motion." *Id.* (citing *In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013)).

[6] Eaves also argues in his COA application that his restitution interest violates both the Ex Post Facto Clause, and the Eighth Amendment's prohibition on cruel and unusual punishment. Because he did not include these claims in his § 2241 application and he did not raise these arguments in his other filings in district court, we do not consider them. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (stating general rule against considering arguments raised for the first time on appeal); *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) (declining to consider claim in application for COA not presented first to the district court).

insurer. Although there were three claims in his § 2241 application, his COA arguments address only a single "restitution claim," which is his claim related to the accrual of interest (claim three). Given these circumstances, he has arguably waived any argument as to the district court's dismissal of claims one and two for lack of jurisdiction.[7] *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (holding prisoner waived his challenge to a claim because he failed to address it in his COA application).

In any event, Eaves has not shown reasonable jurists could debate the district court's procedural ruling as to these claims. In claims one and two, he challenged the validity of the restitution order, arguing the state court exceeded its jurisdiction in ordering him to pay restitution to the insurer and to pay an amount to the victim that did not account for proceeds that had been recovered from the robbery. He also explained that he objected to these amounts at his restitution hearing in 2017, before he filed his first habeas application in 2018. These claims challenge the validity of his sentence, not its execution, and were ripe before he filed his first habeas application. Reasonable jurists would therefore not debate the district court's determination that these claims were unauthorized second or successive § 2254 claims that should be dismissed for lack of jurisdiction.

---

[7] Eaves further argues the district court failed to give de novo review to his equitable tolling objections and failed to recognize his § 2241 application "posed a fundamental miscarriage of justice and presented an extraordinary circumstance." COA Appl. at 6. Those arguments do not relate to the district court's dispositive procedural ruling that his claims were unauthorized second or successive § 2254 claims, so we need not consider them.

We next turn to claim three. Although Eaves's COA application primarily challenges the district court's procedural ruling, we conclude it would be more appropriate to address whether claim three of the § 2241 application states a valid claim of the denial of a constitutional right because the answer to that question "is more apparent from the record," *Slack*, 529 U.S. at 485. Eaves must meet both parts of the *Slack* test, and we need not address both components of the *Slack* test if he fails to satisfy either one of them. *See id.* In determining whether jurists of reason would find it debatable whether the application states a valid claim of the denial of a constitutional right, we "simply take a quick look at the face of the complaint to determine whether the petitioner has facially alleged the denial of a constitutional right." *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000) (brackets and internal quotation marks omitted).

After taking a quick look at Eaves's claim three, we conclude he has not facially alleged the denial of a constitutional right. That claim is titled: "Fourteenth Amendment—Illegal Sentence Inconsistent With Statutory Scheme." R. at 14 (boldface omitted). Eaves alleges in claim three that he is being charged interest on his restitution order while incarcerated in violation of a Colorado statute. But "[f]ederal habeas relief is not available to correct state law errors." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017). And "[a] habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label." *Id.* "Rather, the habeas applicant should include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle him to relief." *Id.* (brackets and internal quotation marks omitted).

7

Eaves's claim three alleges a violation of state law. He references the "Fourteenth Amendment" only once in the title, and he says nothing more about it in the text of the claim. *See* R. at 14-15. He does not reference any specific federal constitutional guarantee in this claim tied to a statement of facts entitling him to relief.[8] *See id.* Accordingly, we conclude reasonable jurists would not debate that claim three does not facially allege the denial of a constitutional right.

III. Conclusion

For the foregoing reasons, we deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[8] In his COA application, Eaves asserts for the first time that the procedures for collecting restitution and its relationship to parole "are fundamentally rooted in due process and threaten [his] liberty interest not to have an extended parole." COA Appl. at 9. He further asserts:

> Because the State . . . created the right to have restitution applied in line with its statutory provisions, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment liberty to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the State-created right is not arbitrarily abrogated.

*Id.* (internal quotation marks omitted). But Eaves did not make these allegations in his § 2241 application. *Compare* R. at 14-15 *with* COA Appl. at 9. Our quick look to determine whether Eaves alleged the denial of a federal constitutional right involves "look[ing] *at the face of the complaint* to determine whether the petitioner has facially alleged the denial of a constitutional right." *Paredes*, 224 F.3d at 1161. We therefore do not consider these new allegations that do not appear in his § 2241 application. *Cf. id.*; *see also Viera*, 674 F.3d at 1220; *Dockins*, 374 F.3d at 940.